### ATLANTA INTERNATIONAL INSURANCE CO.

v.

### The SCHOOL DISTRICT OF PHILADELPHIA.

Civ. A. No. 83–4737.

United States District Court, E.D. Pennsylvania.

Dec. 27, 1984.

for filing a frivolous motion.

Jonathan Dryer, Wilson, Elser, Edelman & Dicker, Philadelphia, Pa., for plaintiff.

Andrew Rosen, Law Dept., School Dist. of Philadelphia, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, Chief Judge.

In May of 1980, two teachers employed by the School District of Philadelphia planned and supervised a weekend trip from Philadelphia to Richmond, Virginia. Loren Davis, a junior high school pupil who went on the trip, drowned during the course of the weekend. His parents subsequently brought two wrongful death and survival actions in the Court of Common Pleas of Philadelphia County. The School District of Philadelphia was ultimately made a defendant in both actions on the basis of allegations that Loren's death was caused by the negligence of School District employees acting within the scope of their employment.[1] The School District joined the teachers as additional defendants, alleging that they had acted outside the scope of their employment in organizing the trip. The state court, dealing with the two actions together, has held that the claims against the School District are barred by the doctrine of governmental immunity. *Davis v. Holiday Inns, Inc.*, No. 3075 (C.P. Philadelphia County Feb. 2, 1984). The lawsuits, however, are still pending against the remaining defendants, including the teachers.

Plaintiff in this action is an insurance company which, pursuant to its contract with the Philadelphia Federation of Teachers, defended the teachers in the state court actions. Plaintiff alleges that the School District was obligated by statute to provide for the teachers' defense. Thus, since plaintiff's insurance contract requires it to defend its insured only if they are not entitled by law to defense or indemnification from another source, plaintiff seeks reimbursement from the School District for the costs of defending the teachers. The parties have filed cross-motions for summary judgment, which they agree should be treated as motions for a declaratory judgment, on the issue of whether the School District was obligated to pay for the teachers' defense when it joined them as additional defendants in the state suits.

The School District's responsibilities to employees who are sued are set forth in the Political Subdivision Tort Claims Act.[2] The statute provides in relevant part:

---

**1.** The first lawsuit was brought directly against the School District. The second was brought against Holiday Inns, Inc., which brought the School District in as an additional defendant. In both suits, the pleading against the School District alleged that the teachers had acted within the scope of their employment.

**2.** The Political Subdivision Tort Claims Act, 53 P.S. §§ 5311.101–.803, has been repealed and recodified at 42 Pa.C.S.A. §§ 8541–64. Since

(a) *Mandatory provision of legal assistance generally.*—When an action is brought against an employee of a political subdivision for damages on account of an injury to a person or property, and it is alleged that the act or omission of the employee which gave rise to the claim was within the scope of the office or duties of the employee, the political subdivision shall, upon the written request of the employee, defend the action, unless or until there is a judicial determination that such act or omission was not within the scope of the office or duties of the employee.

(b) *Optional provision of legal assistance generally.*—When an action is brought against an employee of a political subdivision for damages on account of an injury to a person or property, and it is not alleged that the act or omission of the employee which gave rise to the claim was within the scope of his office or duties, the political subdivision may, upon the written request of the employee, defend the action, and such undertaking to defend thereafter may be withdrawn only with the approval of the court. If the political subdivision has refused a written request to defend the action, and it is judicially determined that the act or omission was, or that the employee in good faith reasonably believed that such act or omission was, within the scope of the office or duties of the employee and did not constitute a crime, actual fraud, actual malice or willful misconduct, the political subdivision shall reimburse the employee for the cost of his legal defense in such amounts as shall be determined to be reasonable by the court.

53 P.S. § 5311.303(a) & (b) (current version at 42 Pa.C.S.A. § 8547(a) & (b)).

Under the statute, a political subdivision's duty to defend an employee against whom a lawsuit is brought depends upon

the cause of action in the state cases arose prior to the effective repeal date, the original Act controls the disposition of this lawsuit. *Close v. Voorhees,* 67 Pa.Commw.Ct. 205, 208 n. 5, 446 A.2d 728, 730 n. 5 (1982).

the allegations made in the lawsuit. If the pleading against the employee alleges that he acted within the scope of his employment, § 303(a) requires the political subdivision to provide a defense. This duty will terminate only when a court determines that the employee was not, and did not reasonably believe that he was, acting within the scope of his employment. If the pleading does not allege that the employee acted within the scope of his office, the employee may still request a defense under § 303(b). The employer in such a case need not comply unless a court finds that the employee was, or reasonably believed he was, acting within the scope of his employment.

Resolution of the parties' motions for summary judgment depends upon whether § 303(a) or § 303(b) governs in this case.[3] Plaintiff points to the complaints in the state cases, which allege that the teachers acted in the course of their employment in organizing the trip. These allegations, according to plaintiff, trigger the application of § 303(a). Defendant argues that only allegations made directly against the employees should be considered in applying § 303. Since the teachers were not original parties, and the School District in joining them specifically charged that they had acted outside the scope of their employment, the School District argues that § 303(b) should apply.

Because the Pennsylvania courts have not yet dealt with the issue raised in this case, I must predict how the Pennsylvania Supreme Court would interpret § 303. *McKenna v. Ortho Pharmaceutical Corp.,* 622 F.2d 657, 661 (3d Cir.), *cert. denied,* 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980). I conclude that the supreme court would adopt defendant's interpretation as consistent with the language and purposes of the statute. Under § 303(a), a political subdivision must provide for an employee's

**3.** The School District does not dispute plaintiff's allegation that it is a political subdivision and therefore covered by § 303.

defense only if the employee is sued *and* it is alleged that the employee was acting within the scope of his employment. These two prerequisites must be satisfied concurrently. The state plaintiffs' allegation that the teachers were acting within the scope of their employment was made in the context of a suit against the School District. At the time no action was pending against the teachers. When the School District brought the teachers in as additional defendants, it charged that they had acted outside the scope of their employment. Neither the state plaintiffs' original complaint nor the School District's complaint against the teachers satisfied the two conjunctive requirements of § 303(a).

Pa.R.Civ.P. 2255(d) provides: "The plaintiff shall recover from an additional defendant found liable to him ... as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability." Under this rule, the allegations in an additional complaint are incorporated into the original complaint. *Incollingo v. Ewing,* 444 Pa. 263, 291, 282 A.2d 206, 221 (1971). The School District's complaint against the teachers therefore gave the state plaintiffs an additional, but alternative, ground for recovery: Plaintiffs could recover against the School District if the teachers acted within the scope of their employment, or they could recover against the teachers if the teachers acted outside the scope of their employment. No party has attempted to recover from the *teachers* for acts within the scope of their employment. Since the prerequisites of § 303(a) have not been satisfied, § 303(b) applies. Under § 303(b), the School District need not provide for its employees' defense unless or until a court determines that they were, or reasonably believed they were, acting within the scope of their employment.

This result is consistent with the general design of the Political Subdivision Tort Claims Act. The statute gives extensive protection to political subdivision employees when they act within the scope of their employment. For instance, such employees are immune from tort liability to the same extent as their employer. 53 P.S. § 5311.301 (current version at 42 Pa.C.S.A. § 8545). If an employee is found liable for acts within his authority, his employer must reimburse him for the amount of any judgment against him. *Id.* § 5311.304 (current version at 42 Pa.C.S.A. § 8548). Section 303 provides employees with an additional benefit: If they are sued for acts specifically alleged to be within the scope of their employment, their employer must also provide for their defense. If the allegation is proved, the political subdivision must pay the amount of the ultimate judgment. The legislature apparently made a policy decision that the political subdivision should be involved in such suits from the outset. Under the statute, therefore, the employer must pay for the defense and, in return, may control litigation strategy. *Id.* § 5311.303 (current version at 42 Pa.C.S.A. § 8547).

When a complaint against an employee avers that he acted outside the scope of his employment, the analysis is different. If the allegation is proved, the employer will have no obligation to indemnify the employee. The employee is therefore not entitled to an up-front payment of the costs of his defense. This result is not affected by the fact that the state plaintiffs alleged, in support of an alternative theory of recovery against a different party, that the employees did act within their authority. If the School District were still a party in the state lawsuits and the plaintiffs' allegations had prevailed, plaintiffs would have recovered against the School District. The state trial court has held that the School District is immune from liability in the underlying actions. If this ruling is upheld, the teachers should also be found immune if they acted within the scope of their employment. 53 P.S. § 5311.301 (current version at 42 Pa.C.S.A. § 8545).[4] Thus, the only viable claims remaining against the

4. Section 301 provides that an employee of a political subdivision can be held liable for acts within the scope of his employment only to the

teachers are the School District's allegations, incorporated in the state plaintiffs' complaints, that they acted outside their employment. If these allegations prevail, the teachers will be liable and the School District will have no obligation to indemnify them. Under the statutory scheme, therefore, the School District should not be forced to pay the teachers' legal costs at this time. Of course, if the state court ultimately determines that the teachers were, or reasonably believed that they were, acting within the scope of their employment, the School District will be obliged to reimburse the costs of the teachers' defense.

The allegation required by § 303(a) has not been made in the context of a suit against the teachers. The School District is thus not required to provide the teachers with legal assistance in advance of a court determination that the teachers acted within the scope of their employment. Accordingly, a declaratory judgment will be entered in favor of the School District.

extent that the political subdivision can be held    liable.