**ATLANTA INTERNATIONAL INSURANCE COMPANY,**
Appellant,

v.

**The SCHOOL DISTRICT OF PHILADELPHIA.**

No. 85–1041.

United States Court of Appeals, Third Circuit.

Argued Sept. 13, 1985.

Decided March 14, 1986.

As Amended March 19, 1986.

Jonathan Dryer (argued), Lawrence P. Brynes, Wilson, Elser, Moskowitz, Edelman & Dicker, Philadelphia, Pa., for appellant.

Andrew M. Rosen (argued), Law Dept., School Dist. of Philadelphia, Philadelphia, Pa., for appellee.

Before HUNTER, GARTH and HIGGIN-BOTHAM, Circuit Judges.

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

The plaintiff in this case, Atlanta International Insurance Company ("Atlanta"), appeals from the final order of the district court granting declaratory judgment in favor of defendant, the School District of Philadelphia ("School District"), 599 F.Supp. 922. For the reasons set forth in the opinion that follows, we will reverse the judgment.

### I.

In May of 1980, Richard Donahue and James Slaughter, teachers employed by the School District, organized and supervised a trip from Philadelphia to Richmond, Virginia over the Memorial day weekend. On the first night of the trip Loren Davis, a junior high school student, drowned in the pool at a Holiday Inn in Richmond. As a result of the drowning, two wrongful deaths and survival actions were brought in the Court of Common Pleas of Philadelphia County by the child's parents.

In the first lawsuit, *Davis v. School District of Philadelphia and Holiday Inns, Inc.*, C.C.P. October Term, 1980, No. 3075, the Davises alleged that Loren's death was caused by the "joint and several negligence, carelessness and recklessness of the defendants [the School District and Holiday Inn], by and through their agents, servants, workmen and/or employees then and there acting within the course of their employment and scope of their authority." App. at 45a. Subsequently, the School Dis-

trict joined Messers. Donahue and Slaughter as additional defendants alleging, *inter alia,* that the teachers were solely liable because they had supervised and organized the trip as individuals and not as agents, servants, workmen or employees of the School District. (App. at 55a–56a). The School District also alleged that it did not sponsor, organize or control the trip (App. at 56a). In a phrase, the School District asserted that the teachers had acted outside the scope of their employment by organizing the trip.

In the second lawsuit, *Davis v. Holiday Inns of America, Inc.,* C.C.P. July Term, 1981, No. 2574, the School District, after being joined as an additional defendant by defendant Holiday Inns, again joined Donahue and Slaughter as additional defendants. The same allegations of negligence were raised in the second lawsuit as were raised in the first lawsuit. (App. at 123a–128a).

In a consolidated proceeding, the state court held that the claims against the School District were barred by the doctrine of governmental immunity. *Davis v. Holiday Inns, Inc., and School District of Philadelphia,* 10 Phila. 563 (1984), *aff'd* 496 A.2d 903 (1985). The claims against the teachers and others were still pending at the time this appeal was filed.

## II.

Pursuant to its contract with the Philadelphia Federation of Teachers (PFT), Atlanta provides liability coverage for members of the PFT. The insurance contract [1] provides that Atlanta's responsibility to defend arises only if the insureds are not entitled by law to defense or indemnification from another source (App. at 82a). Atlanta defended Donahue and Slaughter in the state court actions only after their

defense had been tendered to and rejected by the School District (App. at 67a). Atlanta alleges that pursuant to the Political Subdivision Tort Claims Act, No. 330, 1978, Pa.Laws 1399,[2] the School District was obligated to provide or pay for the defense of its employees. Accordingly, in an action brought in the United States District Court for the Eastern District of Pennsylvania, Atlanta sought reimbursement from the School District for the past costs of defending the teachers in addition to a declaration of the parties' rights and liabilities concerning future defense or indemnification obligations. The parties filed cross-motions for summary judgment which, by agreement, were treated by the district court as motions for a declaratory judgment on the issue of whether the School District was obligated to pay for the teachers' defense when it joined them as additional defendants in the state actions. This determination required an analysis of the operation and effect of the Political Subdivision Tort Claims Act. Because the state courts had not yet dealt with this issue, the district court had to predict how the Pennsylvania Supreme Court would interpret § 303. After oral argument, the district court granted declaratory judgment in favor of the School District and against Atlanta stating that "defendant's interpretation [was] ... consistent with the language and purposes of the statute." App. at 233a–34a.

The question for decision in this diversity case under Pennsylvania law is whether the district court erred in ruling (1) that this case was governed by § 303(b) of the Political Subdivision Torts Claim Act, which allows a political subdivision to provide legal assistance for its employees at its own option, rather than § 303(a), which makes the provision of legal assistance mandatory; and (2) that Atlanta was not entitled to

---

**1.** The insurance contract provides in relevant part that "Unless the INSURED is entitled to [ (1) ] defense or [ (2) ] indemnification for the costs of defense under any law, common or statutory, or under any agreement(s) with any school or its governing body, the insurance afforded under sub-sections A., B. and C. of this policy term shall be available."

**2.** The Political Subdivision Tort Claims Act has been repealed and recodified in substantially verbatim form at 42 Pa.Cons.Stat.Ann. §§ 8541–64. Since the cause of action in the state cases arose prior to the effective repeal date, the original Act controls in the instant case. Close v. Voorhees, 67 Pa.Commw.Ct. 205, 208 n. 5, 446 A.2d 728, 730 n. 5 (1982).

past or future reimbursement in the absence of a judicial determination that the teachers were acting within the course and scope of their employment. Atlanta contends that the district court erred as a matter of law and we agree.

## III.

The Political Subdivision Tort Claims Act delineates the rights, responsibilities, and liabilities of the various political entities within the Commonwealth of Pennsylvania. The School District's responsibilities to employees who are sued are set forth in Sections 5311.303(a) and 303(b) which provide:

(a) Mandatory provision of legal assistance generally.—When an action is brought against an employee of a political subdivision for damages on account of an injury to a person or property, and it is alleged that the act or omission of the employee which gave rise to the claim was within the scope of the office or duties of the employee, the political subdivision shall, upon the written request of the employee, defend the action, unless or until there is a judicial determination that such act or omission was not within the scope of the office or duties of the employee.

(b) Optional provision of legal assistance generally.—When an action is brought against an employee of a political subdivision for damages on account of an injury to a person or property, and it is not alleged that the act or omission of the employee which gave rise to the claim was within the scope of his office or duties, the political subdivision may, upon the written request of the employee, defend the action, and such undertaking to defend thereafter may be withdrawn only with the approval of the court. If the political subdivision has refused a written request to defend the action, and it is judicially determined that the act or omission was, or that the employee in good faith reasonably believed that such act or omission was, within the scope of the office or duties of the employee and did not constitute a crime,

actual fraud, actual malice or willful misconduct, the political subdivision shall reimburse the employee for the cost of his legal defense in such amounts as shall be determined to be reasonable by the court.

42 Pa.Cons.Stat.Ann. at § 8457(a) & (b).

As the district court noted, a political subdivision's duty to defend an employee against whom a lawsuit is brought depends upon the allegations made in the lawsuit. If the pleading against the employee alleges that she acted within the scope of her employment, § 303(a) mandates that the political subdivision provide legal assistance. This duty to defend can be suspended only if the political subdivision obtains a judicial determination that the employee was not acting within the scope of her employment. If the pleading does not allege that the employee was acting within the scope of her office or duties, the employee may still request legal assistance under § 303(b). Under this provision of the Act, a political subdivision may refuse to provide such a defense; however, it will be obligated to reimburse the employee for any defense costs incurred if the employee obtains a judicial determination that she was, or in good faith reasonably believed that she was, acting within the scope of the office or duties of her employment. In other words, if the action is one in which it is alleged that the act or omission of the employee was within the scope of her duty, the political subdivision is obligated to defend the employee unless it can prove otherwise, whereas when the action is one in which it is not alleged that the act or omission of the employee was within her employment, the burden is upon the employee to obtain a judicial determination entitling him to a defense or reimbursement.

Thus, to resolve the issue presented in this case we must determine whether § 303(a) or § 303(b) governs. To reach that determination, we must first ascertain whether the original actions brought in the Court of Common Pleas of Philadelphia

County alleged that the teachers were acting within the scope of their employment.

## IV.

Atlanta argues that the complaints in the state cases which allege that the teachers acted in the course of their employment in organizing the trip trigger the application of § 303(a). The School District, on the other hand, contends that § 303(b) should apply because (1) the teachers were not original parties in the initial pleadings in the state cases and (2) the School District's complaint joining the teachers as additional defendants specifically alleged that they had acted outside the scope of their employment. The district court agreed with the School District and held that "[t]he allegation required by § 303(a) has not been made in the context of a suit against the teachers. The School District is thus not required to provide the teachers with legal assistance in advance of a court determination that the teachers acted within the scope of their employment. Accordingly, a declaratory judgment will be entered in favor of the School District." App. at 237a.

After carefully considering this question of first impression, we are persuaded that the District Court erred. Under Pennsylvania law the School District cannot be released from the obligation to provide its employees with legal assistance in this case because § 303(a), and not § 303(b), is applicable.

Determining whether the pleadings satisfied the statutory conditions for imposing the mandatory defense obligation upon the School District requires consideration of Pa.R.Civ.P. 2255, which governs third party practice in Pennsylvania. The provisions relevant for the purposes of this discussion are:

Pa.R.Civ.P. 2255(b):

No pleadings shall be filed between the additional defendant and any party other than the one joining him except that the additional defendant may file a counterclaim against the plaintiff.

and

Pa.R.Civ.P. 2255(d):

The plaintiff shall recover from an additional defendant found liable to him alone or jointly with the defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability.

In interpreting Pa.R.Civ.P. 2255(d), the Pennsylvania Supreme Court has held that

An additional defendant, when joined as such, becomes immediately subject to plaintiff's claim in every respect and with the same force and effect as if he had been originally named as a defendant, and even without the necessity of any pleading being filed by the plaintiff against him; Pa.R.C.P. 2255(b).

*Sheriff v. Eisele*, 381 Pa. 33, 35, 112 A.2d 165, 166 (1955).

Thus, the combined effect of Pa.R.Civ.P. 2255(b) and (d) is that even though the Davises filed no pleadings directly against the teachers, when the School District joined Donahue and Slaughter as additional defendants in the Davises' lawsuits, the teachers became "immediately subject to plaintiff's claim" just as if the Davises had originally named them as defendants. In *Pushnik v. Winky's Drive In Restaurants*, 242 Pa.Super. 323, 337, 363 A.2d 1291, 1298 (1976) the Superior Court of Pennsylvania reaffirmed the rule of *Sheriff v. Eisele* and concluded that "an additional defendant is subject to the allegations in the plaintiff's complaint as well as to the allegations in the additional defendant's complaint. *See also Burke v. Duquesne Light Co.*, 231 Pa.Super. 412, 332 A.2d 544 (1974)."

We recognize that in their original complaint, the plaintiffs did not name Donahue and Slaughter as the agents who were acting within the course of their employment and the scope of their authority. Nor did plaintiffs join them as defendants. Yet, by the operation and impact of Pa.R.Civ.P. 2255(d), Donahue and Slaughter acquired the same status that they would have had

they been named parties in the original complaint. Thus the application of the rule creates an ironic result—though the defendants' third party complaint contends that Donahue and Slaughter were *not* agents and were *not* acting within the scope of their employment, nevertheless, that very complaint causes the plaintiffs' original pleading to be construed to contain an allegation completely contrary to what was pled in the additional complaint. This may be an illogical result, yet, it is the result that is required by the Pennsylvania Rules of Civil Procedure.[3] This is just one of the many instances where there is no logical or flawless symmetry in the application of the civil procedure rules.

### V.

Therefore, in light of the Pennsylvania Rules of Civil Procedure pertaining to third party practice, we hold that the School District has an obligation to defend under the Political Subdivision Tort Claims Act, § 303(a), unless or until there is a judicial determination that these School District employees were acting outside the scope of their employment. Accordingly, we will reverse the judgment against Atlanta and remand for further proceedings.

---

3. Nor does *Incollingo v. Ewing*, 444 Pa. 263, 282 A.2d 206, 211, (1971) change this result. In *Incollingo*, the Pennsylvania Supreme Court held that "Pa.R.C.P. Rule 2255(d) in effect incorporates by reference in the original complaint the properly pleaded averments of third party liability contained in the third party complaint." The effect of *Incollingo* then, is that along with adding the teachers as parties subject to the allegations in the original complaint, the defendant's third party complaint also adds an additional claim to that advanced in the original complaint. Thus, defendant School District's allegation that Donahue and Slaughter were solely liable to plaintiffs because they acted out-side the scope of their employment becomes part of the original complaint. This third party liability allegation, however, merely becomes an alternative pleading. It does not negate the operation of the rule of *Sheriff v. Estelle*. Hence, the allegation that the teachers acted within the scope of their employment, incorporated into the original complaint by virtue of that rule, remains in tact. Therefore, "unless or until there is a judicial determination that such act or omission was not within the scope of [Donahue and Slaughter's]...duties," the School District is required by § 303(a) to provide legal assistance to the employees.