Thomas A. Close and Linda Parker, Co-Administrators of the Estate of Anthony Close, Deceased, Appellants *v.* Marilyn Voorhees et al., Appellees.

Argued February 4, 1982, before President Judge CRUMLISH and Judges ROGERS and DOYLE, sitting as a panel of three.

Robert B. Elion, Fisher, Rice, Barlett, Elion & Wayne, for appellants.

David R. Bahl, McCormick, Reeder, Nichols, Sarno, Bahl & Knecht, for appellees.

OPINION BY JUDGE DOYLE, June 18, 1982:

This is an appeal by Plaintiffs[1] from a decision and order of the Court of Common Pleas of Tioga County sustaining defendants' Northern Tioga School District, Marilyn Voorhees and Larry Jones[2] (Defendants) preliminary objections in the nature of a demurrer and dismissing Plaintiffs' complaint insofar as it applies to them for failure to state a cause of action. We affirm.

The initial complaint in this matter was filed May 9, 1980. An amended complaint was filed October 21, 1980. It alleges that, on February 22, 1980, Anthony Close, while attending a study hall at Williamson High School,[3] became embroiled in an argument with an-

---

[1] Thomas A. Close and Linda Parker.

[2] Marilyn Voorhees and Larry Jones are employees of the Northern Tioga School District. Voorhees is a member of the faculty and Jones is a principal.

[3] Williamson High School is part of the Northern Tioga School District.

other student, Kerry Kipferl. Defendant Voorhees, the study hall's supervisor, was purportedly out of the room at the time, leaving it without adult supervision, but returned while the argument was still in progress and separated the students. Voorhees allegedly again left the room, whereupon the argument re-erupted and Kerry Kipferl stabbed Anthony Close with a knife he had in his possession. This stabbing resulted in the death of Anthony Close later that same day.

In raising actions in survival and wrongful death, Plaintiffs in their amended complaint assert it was negligence and/or reckless action on the part of Defendants which led to Anthony Close's death. The alleged negligence consisted of, *inter alia:* failure to enforce existing regulations or take additional measures to keep weapons off school grounds; failure to take measures to assure that students remain in assigned seats during class; and failure to exercise due care for safety of others under the circumstances. Plaintiffs also raise a civil rights action claiming that Defendants are liable under 42 U.S.C. §1983[4] because it was their negligent and reckless conduct, as entities of the state or employees thereof, which helped cause Anthony Close's death, *i.e.* action under color of state law which deprived Anthony close of his life without due

---

[4] 42 U.S.C. §1983 reads:

Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulations, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

208

process of law in violation of the fourteenth amendment to the United States Constitution. By way of response, Defendants filed preliminary objections in the nature of a demurrer asserting that there is no civil rights cause of action under §1983 and requesting dismissal of the entire complaint as it applies to them on the grounds that they are immune from liability for the incident under the Political Subdivision Tort Claims Act[5] (Tort Claims Act). Following oral argument, the common pleas court issued an opinion and order on December 1, 1980, sustaining the preliminary objections. A clarifying order was issued on January 29, 1981, and the appeal to this Court followed.

It is axiomatic that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material factual averments and all inferences fairly deducible therefrom. *Robinson v. Department of Justice,* 32 Pa. Commonwealth Ct. 77, 377 A.2d 1277 (1977). Conclusions of law, unjustified inferences, argumentative allegations and expressions of opinion, however, are not deemed admitted. *Township of Upper Moreland v. Pennsylvania Department of Transportation,* 48 Pa. Commonwealth Ct. 27, 409 A.2d 118 (1979). With this in mind, the ruling court must "consider whether petitioner has stated on the face of his petition a cause of action which, if proved, would entitle him to the relief sought." *Robinson,* 32 Pa. Commonwealth Ct. at 79, 377 A.2d at 1278.

Plaintiffs initially challenge the decision of the court below on the grounds that, since under the terms of the amended complaint it was the negligent and

---

[5] Act of November 26, 1978, P.L. 1399, 53 P.S. §5311.101

The Political Subdivision Tort Claims Act was repealed by Section 333 of the Act of October 5, 1980, P.L. 693 and has been replaced by Sections 8541-64 of the Judicial Code, 42 Pa. C.S.A. §§8541-64. Because the incident which gave rise to the cause of action herein occurred prior to its repeal, the Political Subdivision Tort Claims Act is controlling for the purposes of this case.

reckless conduct of the Defendants which caused Anthony Close to be subjected to a deprivation of his life without due process of law in violation of the fourteenth amendment to the United States Constitution, there is a cause of action stated under §1983. They further submit that this cause of action extends to Defendant School District because it has a statutory duty to maintain a premises which is reasonably safe for students and failed to take reasonable steps to meet that duty and thus ensure Anthony Close's civil rights, despite being fully aware that a dangerous condition existed in the school, *i.e.* that some students were carrying weapons. We disagree.

The central focus of §1983 is to provide a remedy for the misuse of power or position possessed by virtue of state law. *Monroe v. Pape,* 365 U.S. 167 (1961). Two elements are prescribed as requisite for recovery under §1983: "(1) the conduct complained of must have been done under color of law; and (2) such conduct must have subjected the complainant to the deprivation of rights, privileges or immunities secured to him by the Constitution and Laws of the United States." *Howell v. Cataldi,* 464 F.2d 272, 279 (3d Cir. 1972) (quoting *Basista v. Weir,* 340 F.2d 74, 79 (3d Cir. 1965)). We agree with the court below that the allegations of the complaint herein, in the context of a civil rights claim, involve at most heedlessness or carelessness on the part of Defendants and, as such, are averments of simple negligence.[6] *See Popow v. City of Margate,* 476 F. Supp. 1237 (D.C. N.J. 1979). Because of this, we are confronted with the question of whether in cases where, as here, the constitutional

---

[6] The fact that Plaintiffs made use of the word "reckless" in the amended complaint to describe the actions of the Defendants which are the subject of the complaint, does not preclude a holding that the allegations of the complaint are no more than averments of simple negligence. *Jones v. McElroy,* 429 F. Supp. 848 (E.D. Pa. 1978).

210

deprivation alleged finds its source within the due process clause of the fourteenth amendment, the degree of culpability alleged must exceed simple negligence for a cause of action to be stated under §1983. Unfortunately, both the United States Supreme Court and the Third Circuit have failed to take a definitive stand on this issue. *Riccobono v. Whitpain Township*, 497 F. Supp. 1364 (E.D. Pa. 1980). The matter is further complicated by the fact that the various district courts within the Third Circuit have taken contradictory positions in addressing this issue while totally failing to arrive at some sort of consensus.[7] Despite this lack of controlling precedent, however, this Court believes that the common pleas court is correct in stating that by making allegations of simple negligence the Plaintiffs have failed to implicate the central focus of §1983, misuse of official power or position, and have thus failed to state a cause of action under §1983. *City of Margate; Schweiker v. Gordon*, 442 F. Supp. 1134 (E.D. Pa. 1977). Accordingly, we must affirm its dismissal of Plaintiff's civil rights cause of action.

Plaintiffs next challenge the lower court's decision on the grounds that the activities constituting the alleged negligence herein on the part of Defendants relate to the care, custody and control of real property and therefore fall within the ambit of Section 202(b)(3) of the Tort Claims Act, 53 P.S. §5311.202(b)(3) which states:

(b) Actions or activities which may impose liability.—the following acts or activities by a

---

[7] *E.g., compare, Riccobono v. Whitpain Township*, 497 F. Supp. 1364 (E.D. Pa. 1980) ; *Culp v. Devlin*, 437 F. Supp. 20 (E.D. Pa. 1977) ; *Santiago v. City of Philadelphia*, 435 F. Supp. 136 (E.D. Pa. 1977) (there can be a cause of action under §1983 based on simple negligence) ; *with, Robinson v. Cuyler*, 511 F. Supp. 161 (E.D. Pa. 1981) : *Popow v. City of Margate*, 476 F. Supp. 1237 (D.C. N.J. 1979) ; *Schweiker v. Gordon*, 442 F. Supp. 1134 (E.D. Pa. 1977) (no cause of action under §1983 for simple negligence).

political subdivision or any employees may result in the imposition of liability on a political subdivision:

. . . .

(3) The care, custody or control of real property in the possession of the political subdivision. . . .

This Court addressed a similar assertion in *Robson v. Penn Hills School District*, 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981), a case which involved a trespass complaint brought on behalf of a twelve year old boy who was injured when struck in the eye by a pencil thrown by a classmate in an elementary school class which the teacher had left unsupervised. There we held that the student could not recover in trespass against the school district because the "action or activity" complained of, as in the case at bar, was characterized as the supervision of students and "that it would be a total distortion of the language of Section 202(b)(3) to allow the supervision, or lack of supervision, of school children to fall within the scope of care, custody and control of real property." *Id.* at 253-4, 437 A.2d at 1275 (footnote omitted). Thus, we must also affirm the holding of the court below that the exceptions to a political subdivision's immunity under the Tort Claims Act are inapplicable to the facts of the complaint herein.

Plaintiffs next contend that, insofar as the Tort Claims Act purports to exempt Defendants from liability for Plaintiff's harm, it denies Plaintiffs full access to the courts in violation of Article I, Section 11 of the Pennsylvania Constitution.[8] The Pennsylvania

---

[8] Article I, Section 11 reads, in pertinent part: "All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law and right and justice administered without sale, denial or delay."

212

Supreme Court, however, addressed this very issue in *Carroll v. County of York*, 496 Pa. 363, 437 A.2d 394 (1981) and resolved it by holding that the "Tort Claims Act is a valid exercise of legislative authority specifically granted by our Constitution." *Id.* at 370, 437 A.2d at 398.[9] We therefore reject this challenge by Plaintiffs.

Lastly, we must also reject the contention raised by Plaintiffs that the Tort Claims Act creates a classification for the unequal distribution of benefits or imposition of burdens that bears no rational relationship to a legitimate governmental interest and therefore violates the equal protection clause of the United States Constitution based on our specific ruling to the contrary in *Robson*.

Accordingly, we enter the following

ORDER

Now, June 18, 1982, the decision and orders of the Court of Common Pleas of Tioga County, No. 604 Civil Division 1980, granting Defendants Northern Tioga School District, Marilyn Voorhees and Larry Jones preliminary objections in the nature of a demurrer are hereby affirmed.

---

[9] In conjunction with their challenge to the constitutionality of the Tort Claims Act under Article I, Section 11, Plaintiffs also contend that the Tort Claims Acts' limitation on damages recoverable for personal injury violates Article III, Section 18 of the Pennsylvania Constitution which reads, in pertinent part:

[T]he General Assembly [shall not] limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property, and in case of death from such injuries, the right of action shall survive. . . .

Because we have held Plaintiffs not to be entitled to recovery under the Tort Claims Act, it would not now be appropriate to address this issue. *Carroll v. County of York*, 496 Pa. 363, 437 A.2d 394 (1981); *Robson v. Penn Hills School District*, 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981).

Judge MENCER did not participate in the decision in this case.