## Sears v. City of Philadelphia

*Keith S. Erbstein,* for plaintiff.
*Marguerite R. Goodman,* for defendant.

LORD, *J.,* September 13, 1982—Before the court is defendant's, City of Philadelphia, (hereinafter city) motion for judgment on the pleadings in a trespass action. The city contends it is immune from suit in the circumstances of this case and relies on the Political Subdivision Tort Claims Act. 42 Pa. C.S. §§8541 & 8542. The court agrees with the city's contention that the city is immune from liability under the circumstances of this case. See Close v. Voorhees, 65 Pa. Commw. 205, 446 A.2d 728 (1982).

Plaintiff's claim arises from the fatal stabbing of Steven Sears on a city playground. The complaint alleges that the city was negligent in failing to take reasonable care to prevent injury to plaintiff's decedent. Plaintiff takes this position even though the injury was caused by the actions of a third party.

As a general rule, the city is immune from personal injury suits. 42 Pa. C.S. 8542. However, there are eight situations or circumstances in which the city loses the statutory shield of immunity. 42 Pa. C.S. §8543(b)(1)-(8).

Of the eight exceptions, the only section that plaintiff could possibly rely upon is the "real property" exception. 42 Pa. C.S. §8543(b)(3). Section (b)(3) provides in full:

"(3) Real property. The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, "real property" shall not include:

(i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;

(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;

(iii) streets; or

(iv) sidewalks."

This exception to the immunity applies only to dangerous conditions on the property. But, plaintiff's complaint merely alleges that the stabbing was a result of the city's negligence i.e., a result of the city's failure to provide adequate police protection to prevent tortious third party acts.

These allegations are insufficient as a matter of law to state a cause of action against the city. Therefore, the city's motion for judgment on the pleadings is granted.

## ORDER

And now, this September 13, 1982, it is hereby ordered that defendant's motion for judgment on the pleadings is granted and judgment is entered in favor of defendant and against plaintiff.