Roger Auerbach and Joan Auerbach, Parents and Natural Guardians of Peter Buttschardt, a Minor, Appellants *v.* Council Rock School District and John Ciociola, Appellees.

Argued April 4, 1983, before Judges BLATT, MACPHAIL and DOYLE, sitting as a panel of three.

*Martin J. King, Cordes, King & Associates, P.C.,* for appellants.

*Frederick E. Smith, Smith and Toner,* for appellees.

Opinion by Judge Blatt, May 27, 1983:

Roger and Joan Auerbach, parents and natural guardians of Peter Buttschardt, a minor (appellants), appeal here an order of the Court of Common Pleas of Bucks County which granted the Council Rock School District's (District) motion for summary judgment in this matter.[1]

This action in trespass arises from the following factual setting. The minor appellant and a classmate (Ciociola) had previously been involved in several altercations. On October 7, 1980, the appellant assaulted Ciociola and was suspended. Later, Ciociola assaulted the appellant and Ciociola was suspended. On October 20, 1980, as the appellant was walking to class after lunch, he was attacked by Ciociola, this attack causing the injuries alleged in this action. The appellant averred at the trial level that the District failed to take adequate measures to protect the appellant's safety and that it failed to supervise the other students. The appellant also alleged notice on the part of the District that the appellant and Ciociola were not interacting amicably. The trial court granted the District's motion for summary judgment, citing to Section 101 of the Political Subdivision Tort Claims Act (Act),[2] and holding that the District was immune.

---

[1] John Ciociola was a defendant at the trial court, but is not involved in this appeal.

[2] Act of November 26, 1978, P.L. 1399, *as amended, formerly,* 53 P.S. §5311.101, repealed by Section 333 of the Act of October 5, 1980, P.L. 693. A similar provision is now found at 42 Pa. C. S. §8541.

The appellants argue here[3] that the Act is unconstitutional as applied to the facts and circumstances of this case and especially in light of Pa. Const. art. III, §14 which provides that:

> The General Assembly shall provide for the maintenance and support of a thorough and efficient system of public education to serve the needs of the Commonwealth.

It is now well established, and the appellants concede this in their brief, that the Act is facially constitutional. *Wimbish v. School District of Penn Hills,* 59 Pa. Commonwealth Ct. 620, 430 A.2d 710 (1981); *Robson v. Penn Hills School District,* 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981); *Close v. Voorhees,* 67 Pa. Commonwealth Ct. 205, 446 A.2d 728 (1982). Both *Robson* and *Close* concerned injuries to a student caused by the acts of another student. In *Robson,* the injury was caused by a pencil-throwing incident; in *Close,* the student was the victim of a stabbing. In deciding these cases, this Court stated unequivocally that the school districts concerned were the beneficiaries of immunity pursuant to the Act and that none of the exceptions of Section 202 of the Act, 53 P.S. §5311.202[4] would apply, and the facts of the instant matter are not sufficiently distinguishable so as to take the case outside the ambit of *Robson* and *Close.* Moreover, as to Pa. Const. art. III, §14, this section was never intended to mean, in any conceivable sense, that tort liability should be imposed upon a school district when students are injured in the course of the school day, even if, assuming arguendo, there was

---

Although the statutes are substantially the same, because the acts giving rise to this litigation occurred after the effective date of the repealer [60 days after October 5, 1980] we will be ruling here based on the language of the former statute.

[3] Our scope of review includes, of course, questions of law.

[4] Now found at 42 Pa. C. S. §8542.

negligence on the part of the school officials. This section, on the other hand, is obviously intended only to relate to education in the purest sense of that term, i.e. the business of academic instruction. *See Danson v. Casey*, 484 Pa. 415, 399 A.2d 360 (1979).

We believe, therefore, that the trial judge was correct, as a matter of law, in granting the District's motion for summary judgment,[5] and we will affirm his decision.

## Order

And Now, this 27th day of May, 1983, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.

---

[5] Summary judgment may be entered when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *Burd v. Department of Transportation*, 66 Pa. Commonwealth Ct. 129, 443 A.2d 1197 (1982).