Tina M. Vince, a minor, by Mary G. Vince, her parent and natural guardian, and Patsy W. Vince and Mary G. Vince, his wife, Appellants *v.* Ringgold School District and Susan Haney, individually, and Susan Haney, as agent, servant or employee of the Ringgold School District, Appellees.

Submitted on briefs October 7, 1985, before Judges DOYLE and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Raymond P. Amatangelo,* for appellants.

*Eileen Koepfer Narvin,* for appellees.

OPINION BY JUDGE COLINS, November 8, 1985:

Tina M. Vince, a minor, by Mary G. Vince, her parent and natural guardian, and Patsy W. Vince and Mary G. Vince, his wife (appellants), appeal from a per curiam order of the Court of Common Pleas of Washington County, sitting en banc, which affirmed a prior order of that Court granting the motion for summary judgment of Ringgold School District and Susan Haney (appellees). The issue presented to this Court is whether appellees are immune from liability under the provisions of what is popularly called the Political Subdivision Tort Claims Act (Act), now embodied in the Judicial Code.[1]

---

[1] 42 Pa. C. S. §§8501-8564. The Political Subdivision Tort Claims Act, Act of November 26, 1978. P.L. 1399, 53 P.S. §§5311.101-5311.803,

The facts in this case are undisputed. The minor appellant was injured while attempting to move a piano with a fellow student on the premises of the appellee School District. Appellee Haney, a teacher in the School District, was in the room at the time of the accident and acting within the scope of her employment and on behalf of her employer.

A local agency is immune from damages on account of any injury to a person or property caused by an act of the local agency or any employee thereof, except as provided by the Act.[2] A local agency is any governmental unit other than the Commonwealth government.[3] There is no doubt that a school district is a local agency as defined by the Act. *Auerbach v. Council Rock School District*, 74 Pa. Commonwealth Ct. 507, 459 A.2d 1376 (1983). Therefore, the appellees in this case are immune from liability under the provisions of the Act unless one of the Act's exceptions applies.

Appellants rely upon the waiver of immunity from liability for the negligent care of real property found in Section 8542(b)(3) of the Act which provides, in pertinent part, as follows:

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) Real property.—The care, custody or control of real property in the possession of the local agency . . .[4]

was repealed by the Act of October 5, 1980, P.L. 693. A similar act is now found at the aforementioned sections of the Pennsylvania Consolidated Statutes.

[2] 42 Pa. C. S. §8504.

[3] 42 Pa. C. S. §8501.

[4] 42 Pa. C. S. §8542(b)(3).

Appellants argue that the presence of the piano, allegedly in a dangerous and hazardous condition, created such a hazardous condition in and upon the appellee School District's real property as to make the building itself a danger to students. Thus, appellants argue, the negligence of appellees in the care of their real property subjects them to liability. We do not agree.

A piano, regardless of its condition, is not real property. "Chattels used in connection with real property are of three classes: First, those which are manifestly furniture, as distinguished from improvements, and are not peculiarly fitted to the property with which they are used; these always remain personalty . . ." *Clayton v. Leinhard*, 312 Pa. 433, 436, 167 A. 331, 322 (1933). A piano is personalty. The piano was not converted to a part of the real property by its dangerous condition; were such the case every item of personalty would become real property when it became hazardous, thus totally circumventing the purpose of the Act.

Additionally, it cannot be argued that the building itself was negligently cared for because personalty within the real property was in a hazardous condition. Such interpretation would be a distortion of the language of the Act. *Cf. Close v. Voorhees*, 67 Pa. Commonwealth Ct. 205, 446 A.2d 728 (1982) (supervision of students or lack thereof cannot fall within scope of care, custody and control of real property without distortion of language of the Act). For the limited waiver of immunity of Section 8542(b)(3) to apply, there must be negligence which makes the real property itself unsafe for the activities for which it is used. *Vann v. Board of Education, School District of Philadelphia*, 76 Pa. Commonwealth Ct. 604, 464 A.2d 684 (1983). Accordingly, we affirm the per curiam

order of the Court of Common Pleas granting the motion for summary judgment of appellees.

ORDER

AND Now, November 8, 1985, the order of the Court of Common Pleas of Washington County, in the above-referenced matter, dated September 11, 1984, is hereby affirmed.