511 A.2d 258

Barbara Gilbert, Admx. of the Estate of Timothy Sheron Gilbert, Dec., Appellant *v.* School District of Philadelphia and the City of Philadelphia, Appellees.

Submitted on briefs April 11, 1986, to Judges BARRY and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Arnold P. Minicozzi,* for appellant.

*Andrew M. Rosen,* for appellees.

OPINION BY JUDGE BARRY, June 20, 1986:

This appeal results from an order of the Philadelphia County Court of Common Pleas which granted a motion for judgment on the pleadings filed by the defendant/appellee School District of Philadelphia (School District), and which denied the plaintiff/appellant's motion for amendment of the pleadings.

The appellant, Barbara Gilbert (appellant), filed a complaint in trespass for the wrongful death of her son, Timothy Gilbert, naming in the caption as defendants the School District and the City of Philadelphia. According to the complaint, the deceased was a student at Simon Gratz High School in Philadelphia and sustained a fatal knife wound in a hallway of the school on January 5, 1982. The complaint further alleges that "[s]aid decedant, thereafter[,] was caused to sustain an aggravation of said injury inflicted by the Defendants, their agents, servants, workmen and/or employees who acted in a negligent, reckless manner and such action constituted a crime, actual malice and willful misconduct." By way of such conduct, the complaint alleges, the defendants "negligently, recklessly and wantonly caused the [deceased] to sustain serious bodily injury thereby result-

ing in death."[1] In its Answer and New Matter the School District denied that any of its agents committed any such acts within the scope of their employment, and asserted the defense of immunity under the applicable provisions of the Judicial Code, Act of October 5, 1980, P.L. 693, 42 Pa. C. S. §§8541-8564, *formerly* Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, *as amended,* 53 P.S. §§5311.101-5311.803, repealed by the Act of October 5, 1980, P.L. 693.

The trial court thereafter granted the School District's motion for judgment on the pleadings. At the same time, the court denied the appellant's motion to amend the pleadings; that motion averred that "[t]hrough inadvertence, . . . counsel for plaintiff failed to include the specific names of the agents and . . . employees of the Defendants," and requested permission to do so, providing the names of the allegedly involved employees. The trial court based its granting of the former motion on the grounds that the averred facts did not fall within the ambit of any of the Act's immunity exceptions. The denial of the appellant's motion, meanwhile, was based on the statute of limitation for wrongful death,[2] which had expired "as against the parties the plaintiff wants to join."[3] Appellant appeals both portions of the trial court's order.

---

[1] The complaint also alleges that "[t]he Defendants acted willfully, wantonly and intentionally thereby causing serious bodily harm to the [deceased,] resulting in death."

[2] 42 Pa. C. S. §5524(2).

[3] The original action was commenced by writ of summons on January 3, 1984, two days before the expiration of the statute of limitations, and the initial complaint naming the School District and City as defendants was filed January 27, 1984. Appellant's "Motion to Amend the Pleadings (Caption)" was not filed until March 30, 1984.

1. *Motion for Judgment on the Pleadings*

We first address the trial court's grant of the School District's motion for judgment on the pleadings.[4] Accepting as true all well-pleaded averments of fact of the appellant,[5] "[w]e will affirm the grant of such a motion only when the moving party's right to succeed is certain." *West Penn Administration, Inc. v. Union National Bank of Pittsburgh*, 289 Pa. Superior Ct. 460, 468, 433 A.2d 896, 900 (1981). *See also Eagle Downs Racing Association, Inc. v. State Harness Racing Commission*, 73 Pa. Commonwealth Ct. 155, 157 n.3, 457 A.2d 1008, 1009 n.3 (1983) ("moving party's right to prevail must be so clear that the trial would be a fruitless exercise."). As we agree with the trial court that the appellant failed to aver any facts which, under the Act, would deprive the School District of immunity, we affirm that court's granting of the motion.

Appellant does not suggest to us which exception to political subdivision immunity is applicable under the facts of the present case. Appellant does, however, set forth as her theory of liability (1) the School District's failure to provide police and security protection to the deceased; and (2) the School District's negligent administration, by way of its agents, of medical care. With respect to the first averment, we note that we have already held that, under the substantially similar provisions of the since-repealed Political Subdivision Tort Claims Act, "school districts . . . were the beneficiaries of immunity pursuant to the Act and that none of the exceptions [to immunity now codified at 42 Pa. C. S. §8542] would apply . . . ." *Auerbach v. Council Rock*

---

[4] *See Pa. R.C.P.* No. 1033.

[5] *See Thomas Merton Center v. Rockwell Int'l Corp.*, 280 Pa. Superior Ct. 213, 215-16, 421 A.2d 688, 689 (1980), *rev'd on other grounds*, 497 Pa. 460, 442 A.2d 213 (1982), *cert. denied*, 457 U.S. 1134 (1982).

*School District,* 74 Pa. Commonwealth Ct. 507, 509 & nn. 2-3, 459 A. 2d 1376, 1378 & nn. 2-3 (1983). Appellant asks us in her brief to take into account that the School District had been warned that the decedent's life was in danger, arguing in turn that the School District thus came under a *special* duty to provide protection. No such averment, however, was made either in appellant's complaint or in her Reply to New Matter, and we are thus precluded from considering it at this point. *Harvey v. Hansen,* 299 Pa. Superior Ct. 474, 481 n.7, 445 A.2d 1228, 1231 n.7 (1982). The same allegation was, in any case, held to have no effect on school district immunity under the Act in *Auerbach,* 74 Pa. Commonwealth Ct. at 508-09, 459 A.2d at 1377.

Our precedents similarly preclude an exception to school district immunity with respect to the appellant's averment alleging negligent medical care. In *Wimbish v. School District of Penn Hills,* 59 Pa. Commonwealth Ct. 620, 430 A.2d 710 (1981), we rejected the argument that the school district's "fail[ure] to provide . . . prompt medical attention" to a student fell within the "limited waiver for actions relating to the care and control of real property," the "only exception even arguably encompassing appellant's allegation . . . ." *Id.* at 623, 624, 430 A.2d at 711, 712. We find *Wimbish* applicable notwithstanding the allegation that the School District's agents acted willfully, wantonly, maliciously and recklessly in the failure to effectively provide such treatment. *See Acker v. Spangler,* 92 Pa. Commonwealth Ct. 616, 618 500 A.2d 206, 207 (1985) ("Plaintiffs argue . . . that a school district can be liable for willful tortious conduct of its employees. The Act creates no such exception to immunity.")

## 2. *Motion for Amendment of the Pleadings*

Although Rule 1033 of the Pennsylvania Rules of Civil Procedure provides that "[a] party, either by filed

consent of the adverse party or by leave of court, may at any time . . . correct the name of a party or amend his pleading," that rule is clearly subject to the operation of statutes of limitations. It is clear, in this respect, that "[a]n amendment of the complaint, after the statute of limitations has run to bring in a *new and distinct party* to the action cannot be permitted." *Cianchetti v. Kaylen,* 241 Pa. Superior Ct. 437, 441, 361 A.2d 842, 843 (1976) (emphasis in original). *See also Hoare v. Bell Telephone Co. of Pennsylvania,* 509 Pa. 57, 59, 500 A.2d 1112, 1113, (1985). Appellant seeks to avoid this familiar rule by arguing (1) that the omission of the names of the would-be defendant-employees was merely by inadvertence and (2) that, in any case, the "allegations in the complaint referring to the employees liable were made and sufficient notice was provided so that undue prejudice would not result." *Brief for Appellant* at 17. We are, however, unconvinced by this argument and affirm the trial court's dismissal of the motion.

The controlling test in such instances is "whether the right party was sued but under the wrong designation, or whether a wrong person was sued and the amendment was designed to substitute another and distinct party." *Cianchetti,* 241 Pa. Superior Ct. at 442, 361 A.2d at 844.[6] We have no hesitation in deciding that the appellant's amendment falls into the latter category, and hence that the amendment cannot be permitted. Nowhere in appellant's complaint do the names of the proposed additional defendants appear; the complaint refers only to the "defendants,"—which we must infer to mean the two named defendants—"their agents, servants, workmen and/or employees." As obvious from her brief, appellant in so pleading contemplated an ac-

---

[6] *See also Hoare,* 509 Pa. at 64, 500 A.2d at 1116 (LARSEN, J. dissenting).

tion against the *School District,* with *that* defendant vicariously liable for the unintentional and intentional torts of its employees, whoever they may have been. As we have discussed, no such liability may be assessed against a school district. *Acker.* The *amended* complaint naming the specific employees, in contrast, not only substitutes new and distinct parties, but is premised on a wholly different theory of liability, specifically that where a local agency employee engages in criminal or willful misconduct the defense of official immunity will not apply. *See Plaintiff's Motion to Amend the Pleadings* (Caption), averment No. 9. *Cf.* 42 Pa. C. S. §8550. The trial court thus committed no error in dismissing the motion.

Affirmed.

## ORDER

Now, June 20, 1986, the order of the Philadelphia County Court of Common Pleas at No. 116, January Term, 1984, dated June 7, 1984, is hereby affirmed.