## Kniaz v. Benton Borough

*John A. Mihalik*, for plaintifffs.
*Gailey C. Keller*, for defendant Benton Borough.
*David C. Dickson Jr.*, for defendant Benton Volunteer Fire Company Inc.

MYERS, *J.*, October 10, 1986 — On August 6, 1984, plaintiffs, Helen Kniaz and Steven Kniaz, husband and wife, filed a complaint against defendants, Benton Borough and Benton Volunteer Fire Company Inc. Plaintiffs seek damages arising from an incident involving Helen Kniaz at the Benton Firemen's Picnic in the borough on August 7, 1982. The borough has filed a motion for summary judgment on the basis of the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541, and the Pennsylvania Recreation Use of Land and Water Act, 68 P.S. §477-1. All parties have submitted briefs on this motion which is now before us for disposition.

### STATEMENT OF FACTS

On August 7, 1982, while attending the bingo concession at the Benton Firemen's Picnic in Ben-

ton Park, Helen Kniaz fell to the ground when a picnic table on which she had been sitting overturned. At that time, the picnic table was located under an open pavilion and was not attached in any manner to the pavilion or to the real estate.

The borough owns Benton Park, the pavilion, and the picnic table. Helen Kniaz and her husband, Steven Kniaz, subsequently sued both borough and fire company in an action founded upon alleged negligence of defendants.

## DISCUSSION

It is well-settled in Pennsylvania that a motion for summary judgment under rule 1035 may be granted only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. In passing upon such a motion, a court must examine the record in a light most favorable to the nonmoving party and resolve all doubt against the moving party. *Mariscotti v. Tinari*, 335 Pa. Super. 599, 485 A.2d 56, 57 (1984). Summary disposition of a case is permitted only in the "clearest of cases." *Hankin v. Mintz*, 276 Pa. Super. 538, 419 A.2d 588 at 589 (1980).

It is our opinion that the instant case is one of those clear cases in which summary judgment should be granted. On the basis of the Political Subdivision Tort Claims Act, a borough is immune from liability in this action. Therefore, we grant borough's motion for summary judgment.

The Political Subdivisions Tort Claims Act provides that "no local agency shall be liable for any damages on account of any injury to a person . . . caused by any act of the local agency . . ." 42 Pa.C.S. §8541. Since a local agency in pertinent part is defined as "[a] government unit other than the commonwealth government," 42 Pa.C.S. §8501,

it is clear that the immunity granted by the act applies to borough by definition.

The Political Subdivision Tort Claims Act was a legislative response to the growth of liability claims against government units following *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973), in which the Supreme Court of Pennsylvania abolished the common-law doctrine of governmental immunity. *Casey v. Geiger*, 346 Pa. Super. 279, 499 A.2d 606 (1985). Even though the act generally provides for immunity, 42 Pa.C.S. §8542 sets forth several conditions or exceptions which, if fulfilled, will impose liability upon a local agency. One condition is that liability may be imposed on a local agency only if the injury arises as a result of one of the eight enumerated acts listed in 42 Pa.C.S. §8542(b).

In the instant case, the only one of the eight acts or exceptions which could arguably apply to the current action is the category relating to real property. 42 Pa.C.S. §8542(b)(3). Specifically, the real-property exception to the act imposes liability on the local agency for negligent acts of the agency, or an employee thereof, with respect to "the care, custody, or control of real propery in the possession of the local agency." 42 Pa.C.S. §8542(b)(3). Plaintiffs and defendant fire company contend that the borough's care, custody and control of the picnic table fall within the real-property exception. On the other hand, the borough maintains that the real-property exception does not apply in this case because a picnic table is personalty, not real property.

The following excerpt from the recent decision of *Casey v. Geiger*, 346 Pa. Super. 279, 499 A.2d 606 (1985) at page 610 is particularly helpful in our interpretation of the real-property exception to governmental immunity:

"In construing the above section (42 Pa.C.S. §8542), one must keep in mind that it is an exception to the general rule of governmental immunity that is stated in section 8541. Therefore, a proper application of the rules of statutory construction dictates a strict and narrow interpretation of the eight categories of liability enumerated in section 8542(b). 1 Pa.C.S. §1924 (Purdon Supp. 1984-85). See *Borenstein v. City of Philadelphia*, 595 F. Supp. 853 (Ed. Pa. 1984) (waivers of immunity are to be narrowly construed). Moreover, a narrow reading of the eight categories of liability is also mandated upon consideration of the legislative intent to insulate political subdivisions from tort liability as expressed in the preamble of the act. 1 Pa.C.S. §1921 (Purdon Supp. 1984-85).

Thus, as recommended by the Superior Court, we will apply a strict and narrow interpretation to the real-property exception in this case.

A case very similar to the instant action was before the Commonwealth Court in *Vince by Vince v. Ringgold School District*, 92 Pa. Commw. 598, 499 A.2d 1148 (1985). In *Vince*, appellants appealed from an order granting the appellees' motion for summary judgment in which the lower court found the appellees, the school district and a school teacher, to be immune from liability under the Political Subdivision Tort Claims Act. Minor appellant had been injured while attempting to move a piano with a fellow student on the premises of the appellee school district. Appellants, relying upon the real-property exception to governmental immunity, argued that the presence of the piano, allegedly in a dangerous and hazardous condition, created such a hazardous condition in and upon the appellee school district's real property as to make the building itself a danger to students. *Id.* at 601, 499 A.2d at 1148-49.

The Commonwealth Court upheld the lower court's granting of a summary-judgment motion, stating that "[a] piano, regardless of its condition, is not real property." *Id.* at 601, 499 A.2d 1149. In reaching this decision, the Commonwealth Court turned to the law of fixtures for guidance, in particular *Clayton v. Lienhard,* 312 Pa. 433, 167 Atl. 321 (1933), in which that court stated the following: "Chattels used in connection with real property are of three classes: First, those which are manifestly furniture, as distinguished from improvements, and are not peculiarly fitted to the property which they are used; these always remain personalty . . ." *Id.* at 601, 499 A.2d 1149, quoting Clayton, 167 Atl. 322.[*] The court in *Vince* continued: "A piano is personalty. The piano was not converted to a part of the real property by its dangerous condition; were such the case every item of personalty would become real property when it became hazardous, thus totally circumventing the act." *Id.* at 601, 499 A.2d 1149.

In the instant case, the borough's picnic table was also personalty in that it was not attached in any way to real property. Thus, applying the reasoning of the Superior Court in *Vince,* it is clear that the instant case does not fall within the real-property exception.

Other appellate cases interpreting the real-property exception also support our decision to grant the borough's motion for summary judgment. In *Brown v. Quaker Valley School District,* 86 Pa. Commw. 496, 486 A.2d 526 (1984), the court affirmed the

---

[*] The other two classes of chattels described in *Clayton* do not relate to the instant situation as they pertain to chattels that are physically annexed to real property. *Clayton,* 167 Atl. 322.

granting of a summary judgment in favor of the school district in a situation in which the appellant, a student, was injured while using a spring board and vaulting horse at the school. Just as in *Vince,* the court's decision was bottomed upon the nature of the property involved in the accident. "The spring board and vaulting horse are items of moveable equipment, not fixtures, as they are not permanently placed at the school nor essential for its operation. See *McClure v. Atlantic Rock Co.,* 339 Pa. 296, 14 A.2d 124 (1940). Accordingly, such equipment is not considered to be a part of real property. Therefore, the care, custody or control of real-property exception to governmental immunity does not apply." *Brown, supra.*

In *Beardell v. Western Wayne School District,* 91 Pa. Commw. 348, 496 A.2d 1373 (1985), the court interpreted the real-property exception in question to a situation involving injuries allegedly suffered by a child after sliding into second base during a baseball game. The school district's motion for summary judgment was granted by the lower court on the grounds that governmental immunity applied. However, the Commonwealth Court, referring to the law of fixtures, held that summary judgment was not proper since a factual consideration exisited as to whether second base had in fact become realty by its nature. "Our review of the pleadings here reveals that, although the appellants alleged that the base bag was annexed to the ground, it is not clear how the base bag, or the plate upon which it rested, were attached to the property. Consequently, material facts remain at issue." *Id.* at 1376.

Unlike the base bag in *Beardell,* the picnic table in the instant action was unattached to real property. The picnic table is analogous to the piano in *Vince* and the vaulting horse and spring board in

*Brown.* In both of those cases the chattels involved in the injury were found to be personalty due to the fact that such chattels were moveable and had not been annexed to realty. *Vince,* 92 Pa. Commw. at 601, 499 A.2d at 1149; *Brown,* 86 Pa. Commw. at 498-9, 486 A.2d at 528.

On the basis of the cases interpreting section 8542(b)(3), it is clear to us that the real-property exception to governmental immunity does not apply to the instant case. The picnic table was not annexed in any way to the pavilion floor. Thus, according to the law of fixtures, the picnic table was personalty. In addition, the picnic table was not essential for the operation of borough's property. Obviously, many uses can be made of a pavilion without picnic tables. Since the picnic table was personalty and the injuries to plaintiff, Helen Kniaz, were allegedly caused by the condition of that personalty, the real-property exception does not apply. Therefore, the Political Subdivision Tort Claims Act operates to shield borough from liability in this case. Consequently, there is no need to consider the borough's argument that this action is also barred by the Pennsylvania Recreation Use of Land and Water Act.

We therefore will grant the borough's motion for summary judgment.

### ORDER OF COURT

And now, this October 10, 1986, the summary judgment motion filed by defendant Benton Borough is granted.