WOLFE, P.J.,
The pleadings are closed, and defendant has moved for summary judgment under the Rules of Civil Procedure, Rule 1035.
Plaintiff alleges he sustained personal injuries as an inmate in the Warren County Jail occasioned by his inability to “pivot” in the exercise yard after catching a basketball. Specifically, plaintiff’s complaint alleges:
*479 “(5) Said exercise floor consists of a poured concrete floor which surface is highly rough and abrasive in nature.
“(6) At the time and place' of said incident, plaintiff did reach toward the floor in order to pick up a basketball which had been bounced to the plaintiff by another inmate. In the process of reaching for said basketball it was necessary for the plaintiff to turn and pivot. While plaintiff was making this turn and reaching for the basketball, and because of the rough and abrasive nature of the exercise floor, the plaintiff’s left foot did fail to pivot in a manner which would have permitted him to complete the movement without incident. Rather, the improperly abrasive and rough texture of the exercise floor did restrain the plaintiff’s left foot from a normal pivoting; the plaintiff’s body continued to twist despite his left foot’s failure to pivot.”
Defendant’s motion for summary judgment is bottomed in the Governmental Immunity Act, 42 Pa.C.S. §8541, as implemented by case'law: Mascaro v. Youth Study Center, 514 Pa. 351, 523 A.2d 1118 (1987); McCloskey v. Abington School District, 115 Pa. Commw. 289, 539 A.2d 946 (1988); Gallagher v. Bureau of Correction, 118 Pa. Commw. 516, 545 A.2d 981 (1988); and Crowell v. City of Philadelphia, 131 Pa. Commw. 418, 570 A.2d 626 (1990).
The essence of these cases is clear. The court is required to narrowly interpret the waiver of governmental immunity as the waiving statute is contrary to common-law immunity, and broad exceptions and interpretation would subject the sovereign as well as its governmental agencies and municipalities to complete financial deterioration.
Plaintiff’s cause of action, if viable, must spring from section 8542 of the act, addressing exceptions *480 to governmental immunity and specifically the care, custody or control of real property in possession of the local agency.
Plaintiff rejects Gallagher, McCloskey, Mascaro and Crowell, supra, as not applicable to the instant case because the injuries therein were caused by an act of a third party or, alternatively, the plaintiffs failed to allege a defective condition or averred the injury was occasioned by the defendant’s failure to supervise.
Plaintiff’s deposition reveals he was not, in fact, playing basketball but rather was walking around the perimeter of the exercise yard when another inmate threw a basketball at plaintiff who reached for it and was unable to pivot on his left foot.
We disagree with plaintiff in the argument the governmental agency may only escape liability when there is an intervening agency. In Mascaro, supra, at 361, 523 A.2d at 1123, the court discussed what it termed the most difficult question under consideration, to wit, whether the real estate exception to the Political Subdivision Tort Claims Act exposes a city and center to liability coextensive with the liability imposed on private landowners. The court said this:
“In pertinent part, the section permits a cause of action against the political subdivision for injuries arising out of The care, custody or control of real property in the possession of the local agency. . .’ 42 Pa.C.S. §8542(b)(3), supra.
“In construing this section, it must be kept in mind that it represents an exception to the absolute rule of governmental immunity stated in 42 Pa.C.S. §8541. (emphasis by the Supreme Court)
“ ‘Except as otherwise provided in this sub-chapter, no local agency shall be liable for any damages on account of any injury to a person or *481 property caused by any act of the local agency or an employee thereof or any other person. ’ (emphasis by the Supreme Court)
“Since section 3 is an exception to the rule of immunity, we believe that its extent must be narrowly interpreted given the expressed legislative intent to insulate political subdivisions from tort liability, (citations omitted)
“Commonwealth Court has consistently held that the real estate exception imposes a standard of liability on the political subdivision to an extent no greater than that of a private landowner, and that this duty is to maintain the property safely for the activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used. Vann [v. Board of Education of the School District of Philadelphia, 76 Pa. Commw. 604, 464 A.2d 684 (1983)]; Vince v. Ringold School District, 92 Pa. Commw. 598, 499 A.2d 1148 (1985). Commonwealth Court has also ruled that the conduct or negligent act complained of must be directly related to the condition of the property. Frank v. SEPTA, 96 Pa. Commw. 221, 506 A.2d 1015 (1986); Fezzano v. Borough of Ridley Park, 94 Pa. Commw. 179, 503 A.2d 157 (1986).” (emphasis supplied)
In construing this saving exception for common-law liability, the court further stated:
“We believe those cases to have been decided correctly and they persuade us to hold that the real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land itself caused the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute’s scope of liability.” (emphasis by the Supreme Court)
*482 Here, the exercise yard was not constructed to be a basketball court but rather a exercise yard for use of the inmates generally. Noting again the allegations of plaintiff’s complaint that the floor material was of poured concrete with a highly rough surface and abrasive in nature does not by any stretch of the imagination allege a defect or that the floor construction and material utilized therein when mirrored to the duty of a private landowner that the county failed in its duty to maintain the property safely for the activities for which it was regularly used, to wit, an exercise yard, or for which it was intended to be used or for which may have reasonably been foreseen to be its purpose of use. Plaintiff’s alleging that the exercise floor was not suitable for the purpose of exercise is not dispositive, nor is the allegation defendant failed and neglected to keep and maintain the exercise floor in good repair and in safe condition for exercise in absence of any allegation that the floor was in fact in a state of disrepair or was constructed in any manner to render an unsafe condition for the purpose of which it was constructed.
Next, plaintiff argues because he has alleged defendant was negligent in the construction of the floor and that the negligence was the cause of his injury, it ergo raises a question of fact and thus summary judgment is not appropriate. We disagree.
Rule 1035(d) states, inter alia:
“When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine *483 issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.”
In Phaff v. Gerner, 451 Pa. 146, 303 A.2d 826 (1973), the court, in addressing 1035(d), stated unequivocally, “The above rule specifically prohibits the appellant from relying on any allegations in the complaint.” 451 Pa. at 150, 303 A.2d at 829. The court further stated:
“ ‘The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. The . . . doctrine, which permits the pleadings themselves to stand in the way of granting an otherwise justified summary judgment, is incompatible with the basic purpose of the rule. . . .’
A motion for summary judgment under Rule 1035 would be a useless procedural appendage if a court were required to deny such a motion because the original pleadings raised a genuine issue of material fact. Issue of facts in the pleadings are significant only when there are no supporting affidavits before the court.” (citations omitted)
Thus, viewing plaintiff’s complaint here as broadly as possible to discern if there is a genuine issue for trial, it is clear the mere fact plaintiff pleads that in his attempt to pivot the floor surface prevented him from doing so does not, in our opinion, raise a trial issue as we have heretofore observed there are no allegations of defect in the floor where plaintiff attempted the pivot.
In considering a motion for summary judgment, which is in essence a broad demur, we are compelled to accept all of the well-pled facts as true, and as true determine whether they state a cause of action for which plaintiff may recover damages. *484 Here, accepting all of the well-pled facts of the complaint as true, we conclude there is no genuine issue for resolution by the fact finders. An oft-cited case and a leader to resolve this motion is Schacter v. Albert, 212 Pa. Super. 58, 239 A.2d 841 (1968), which explored all of the ramifications of the motion, stating:
“The language of Rule 1035, adopted in 1966, was taken verbatim from Federal Rule of Civil Procedure 56(c). Interpretation of the scope of Rule 1035 can be aided by reference to the cases decided under the federal rule, which establish the following criteria. ‘On motion for summary judgment the court must consider the entire setting of the case and all the papers that are included in the record. . . . One who moves for summary judgment has the burden of demonstrating clearly that there is no genuine issue as to any material fact. . . . The court must consider both the record actually presented and the record potentially possible at the time of trial. ... A hearing on a motion for summary judgment is not a trial on the merits, and the court on such motion should not attempt to resolve conflicting contentions of fact.’ International Latex Corporation v. Lexicon Products Inc., 37 F.R.D. 524, 525, 526 (E.D. Pa. 1965). The court is to accept as true all well-pleaded facts in the plaintiff’s pleadings, as well as the admissions on file, giving to the plaintiff the benefit of all reasonable inferences to be drawn therefrom. Pittsburgh Hotels Assn. Inc. v. Urban Redevelopment Authority of Pittsburgh, 202 F.Supp. 486 (W.D. Pa.), aff’d. 309 F.2d 186 (3d Cir. 1962), cert. denied, 372 U.S. 916 (1963). The record must be examined in the light most favorable to the non-moving party. Fiumara v. Texaco Inc., 204 F.Supp. 544 (E.D. Pa.), aff’d, 310 F.2d 737 (1962). In passing upon a motion for summary judgment ‘it is no part of *485 the court’s function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment.’ (In the instant case, appellee.) Admiral Corporation v. Cerullo Electric Supply Co., 32 F.R.D. 379, 380 (M.D. Pa. 1961). ‘[A] party should not be deprived of an adequate opportunity to fully develop [sic] his case by witnesses and a trial, when the issues involved make such procedure the appropriate one. ... It is often the case that although the basic facts are not in dispute, the parties in good faith may nevertheless disagree about the inferences to be drawn from these facts, what the intention of the parties was as shown by the facts. . . . Under such circumstances the case is not one to be decided by the trial judge on a motion for summary judgment.’ S.J. Groves & Sons Company v. Ohio Turnpike Commission, 315 F.2d 235, 237, 238 (6th Cir.), cert. denied, 375 U.S. 824 (1963).”
Finally, we agree with defendant’s argument the alleged failure of the county to render medical treatment subsequent to plaintiff’s injury is barred by immunity. The obligation to render treatment or care addresses itself to the Sovereign Immunity Act and not the Governmental Immunity Act.
Because we find no defect in the complaint that could be cured by an amendment, we will not grant leave to amend.
For these reasons we enter the following
ORDER
And now, January 7, 1991, defendant’s motion for summary judgment is granted.