## Jacoby v. Pollock

*Ronald Ziegler,* for plaintiff.
*Donald Applestein,* for defendants.

BIESTER Jr., *J.,* May 16, 1991—This matter is before us on defendants' motion for summary judgment. Defendants claim that they are immune from liability under the Political Subdivision Torts Claim Act, 42 Pa.C.S. section 8541. *et seq.* We make the following findings.

On or about March 19, 1986, the minor plaintiff, Kevin R. Jacoby, was participating in gymnastic exercises with other students at Neil Armstrong Middle School located in Bucks County, Pennsylva-

nia. While participating in these exercises, plaintiff was injured when he jumped from a springboard. The essence of plaintiff's injuries was a fractured left olecranon, which is the large point on the end of the ulna that projects behind the elbow joint and forms the point of the elbow.

Plaintiff alleges that defendants Stephen C. Pollock (Kevin Jacoby's gym teacher) and Bensalem Township School District are liable because of substandard supervision by Mr. Pollock when plaintiff was using the school's springboard.

Defendants maintain that they are entitled to summary judgment as a matter of law because none of plaintiff's claims fall within the eight exceptions of the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. section 8541, *et seq.*

A motion for summary judgment may be properly granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035(b); *Craddock v. Gross,* 350 Pa. Super. 135, 140, 476 A.2d 928, 930 (1984). In considering a motion for summary judgment, the record must be examined in a light most favorable to the non-moving party. All well-pleaded facts in the non-moving party's pleading are accepted as true and that party is given the benefit of all reasonable inferences to be drawn therefrom. *Hower v. Whitmark Associates,* 371 Pa. Super. 443, 538 A.2d 524 (1988); *Spain v. Vicente,* 315 Pa. Super. 135, 461 A.2d 833 (1983).

With these standards in mind, we turn to the issue of immunity under the act. The act establishes general governmental immunity as follows:

"Except as otherwise provided in this sub-chapter, *no local agency* shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. section 8541. (emphasis supplied)

A local agency is defined as a government unit other than the Commonwealth government. *Id.* at section 8501. There is no doubt that the school district is a local agency protected by the act. See *Vince v. Ringgold School District,* 92 Pa. Commw. 598, 499 A.2d 1148 (1985). The question then becomes: is the defendant school district's sovereign immunity waived under any of the eight exceptions found within the act? See 42 Pa.C.S. 8542. Only the personal property and real property exceptions are possibly applicable under the act. We discuss each separately.

The personal property exception provides liability for the "care, custody or control of personal property *of others* in possession or control of the local agency." 42 Pa.C.S. 8542(b)(2). (emphasis supplied) It is apparent that the springboard, clearly owned by the school district, is not the personal property "of others" as to fall within this exception. See *Zelene-vich v. New Hope-Solebury School District,* 30 D.&C. 3d 252 (1984).

Regarding the act's real property exception, we must determine if the springboard is a "fixture" for the purposes of the exception. In consideration of this issue, we are guided by long-standing principles of common law in Pennsylvania:

"Chattels used in connection with real estate are of three classes:

"*First,* those which are manifestly furniture, as distinguished from improvements, and are not pecu-

liarly fitted to the property with which they are used; these always remain personalty;

*"Second,* those which are so annexed to the property, that they cannot be removed without material injury to the real estate or to themselves; these are realty. . . .

*"Third,* those which, although physically connected with the real estate, are so affixed as to be removable without destroying or injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending on the intention of the parties at the time of annexation. . . ." *Canon-MacMillan School District v. Dioni,* 110 Pa. Commw. 584, 533 A.2d 179 (1987) (quoting *Beardell v. Western Wayne School District,* 91 Pa. Commw. 348, 353-54, 496 A.2d 1373, 1376 (1985), which quoted *Clayton v. Lienhard,* 312 Pa. 433, 436-37, 167 A. 321, 322 (1933)).

The springboard clearly fits into the first category, and as such, it was clearly not annexed or physically connected with the property.

In *Brown v. Quaker Valley School District,* 86 Pa. Commw. 496, 486 A.2d 526 (1984), a case that is very similar to the case *sub judice,* the Commonwealth Court found that a vaulting horse and a springboard were items of movable equipment, *not fixtures.*

We therefore enter the following

## ORDER

And now, May 16, 1991, it is hereby ordered that defendants' motion for summary judgment is granted.