Christine Fizzano and Thomas Fizzano, Husband and Wife, Appellants *v.* Borough of Ridley Park, Appellee.

Argued June 4, 1985, before Judges ROGERS, BARRY and PALLADINO, sitting as a panel of three.

*Bruce E. Rodger, Kassab, Cherry and Archbold,* for appellants.

*Sean O'Callaghan, Lawrence Evans Grant Associates, P.C.,* for appellee.

OPINION BY JUDGE BARRY, January 13, 1986:

The incident giving rise to this action occurred on February 8, 1980, when Christine Fizzano was struck by a hockey puck while ice skating at a public lake in Ridley Park Borough (Borough). On January 12, 1981, Christine and Thomas Fizzano, husband and wife (appellants), filed an action in trespass charging the Borough with negligence in connection with its alleged failure to properly supervise the activities taking place on the lake.

After reviewing the pleadings, depositions, answers to interrogatories, admissions, and affidavits, the Court of Common Pleas of Delaware County granted the Borough's motion for summary judgment and dismissed the complaint on the basis that the facts alleged did not fall within any of the exceptions to the general grant of immunity enjoyed by the Borough

under the provisions of the Political Subdivision Tort Claims Act (Act).[1]  We agree.

Appellants argue that their cause of action falls squarely within the real property exception set forth in Section 202(b)(3) of the Act[2] because Christine Fizzano's injuries were a direct result of the Borough's negligent failure to control, restrict, or prevent the dangerous conduct of third parties while on public property.  More specifically, appellants claim that the Borough should have either prevented children from playing hockey in the same area where others were ice skating or it should have provided close supervision of such a dangerous activity.  The Borough's failure to do so, they argue, constitutes negligent conduct directly related to the care, custody and control of real property.

Appellants make the following observation on page 13 of their brief: ''The fact that the dangerous condition at issue herein arose from the activities of other users of East Lake, as distinguished from a physical condition of the lake itself, does not operate to relieve the Borough of liability to the Fizzanos.''  But it is precisely that distinction which this Court has consistently relied on when deciding cases of this nature. We specifically held that failure to supervise the activities of third parties is not the type of negligence which is covered by the real property exception to governmental immunity. *Usher v. Upper Saint Clair School District,* 87 Pa. Commonwealth Ct. 461, 487 A.2d 1022 (1985); *Close v. Voorhees,* 67 Pa. Commonwealth Ct. 205, 446 A.2d 728 (1982); *Robson v. Penn*

---

[1] Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §5311.101, repealed by Section 333 of the Act of October 5, 1980, P.L. 693.  A similar provision is now found at 42 Pa. C. S. §8541.

[2] *Formerly* 53 P.S. §5311.202(b)(3).  A similar provision is now found at 42 Pa. C. S. §8542(b)(3).

*Hills School District,* 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981); and *Wimbish v. School District of Penn Hills,* 59 Pa. Commonwealth Ct. 620, 530 A.2d 710 (1981). The conduct complained of *must* be directly related to the condition of the property.

We find no merit in appellants' attempt to distinguish these cases from the case at hand by arguing that they are applicable only to situations where the negligent supervision involves students. No limitation of this nature is evident in any of the opinions cited and we do not construe them in the narrow manner suggested by appellants.

Affirmed.

ORDER

Now, January 13, 1986, the order of the Court of Common Pleas of Delaware County, No. 83-00387, dated September 1, 1983, is affirmed.

Judge ROGERS concurs in result only.