505 A.2d 385

Joan McCreary, Appellant *v.* City of Philadelphia, Appellee.

Argued December 10, 1985, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BLATT, sitting as a panel of three.

*William R. Soluigite,* with him, *Joseph S. Grossman* and *Allen L. Rothenberg,* for appellant.

*Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, with her, *Chandia M. Tesoro, Donna J. Mouzayck, Michael B. Tolcott,* Assistant City Solicitor, and *Barbara W. Mather,* City Solicitor, for appellee.

OPINION BY JUDGE BARRY, February 26, 1986:

Appellant Joan McCreary appeals an order of the Court of Common Pleas of Philadelphia County which sustained preliminary objections filed by the defendant, the City of Philadelphia, and dismissed appellant's complaint.

In her complaint, appellant alleged that she was injured as a result of tortious conduct on the part of various officers of the City's police department. Following the filing of the complaint, the City filed preliminary objections, raising the defense of governmental immunity. The appellant countered by filing a document titled "Plaintiff's Preliminary Objections" in which she argued that Pa. R.C.P. No. 1030 required the affirmative defense of governmental immunity to

be raised by way of new matter rather than by preliminary objections. The trial court granted the City's preliminary objections and dismissed the complaint. This appeal followed.

. The. appellant argues that the trial court erred in granting the City's preliminary objections based on governmental immunity because the City had passed an ordinance which states, "(a) [t]he City shall not plead governmental immunity as a defense in any .civil action commenced by any person sustaining bodily injury caused by negligence or unlawful conduct of any police officer while the latter is acting within the scope of. his office or employment." Chapter 21-700 of the Philadelphia Code. In *Middleton v. City of Philadelphia,* 89 Pa. Commonwealth Ct. 362, 492 A.2d 763 (1985), we held that this section operated as a limited waiver by the City of the immunity granted by the Political Subdivision Tort Claims Act, 42 Pa. C. S. §§8541-8564, even though the City ordinance predated the Act by some seven years.

In spite of our decision in *Middleton,* the City believes the trial court must be affirmed, arguing that the appellant has waived the .right to argue the applicability .of the ordinance because the trial court was never given an opportunity to rule on the same question. As a general rule, a litigant may not raise a new argument for the first time in an appellate court. Pa. R.A.P. 302(a). For the reasons that follow, we do not believe the general rule is applicable on the facts presented in this case.

Despite the fact that Pa. R.C.P. No. 1030 requires that the defense of immunity from suit be raised in new matter, numerous cases have held that immunity from suit may be raised in preliminary objections where. that defense is apparent on the face of the pleading being challenged. *Ziccardi v. School District of Philadelphia,* 91 Pa. Commonwealth Ct. 595,

288

498 A.2d 452 (1985), and cases cited therein. Both this court and the Supreme Court, however, have stated that a party may object to an opponent's raising immunity from suit in an improper manner, *i.e.*, by preliminary objections. *Freach v. Commonwealth*, 471 Pa. 558, 564-65 n. 6, 370 A.2d 1163, 1166-67 n. 6 (1977); *Swartz v. Masloff*, 62 Pa. Commonwealth Ct. 522, 437 A.2d 472 (1981). The proper manner for raising such a challenge is to file preliminary objections to the preliminary objections raising immunity. *Ziccardi, Swartz.* The appellant in this case did precisely that. The trial court therefore should have stricken the City's preliminary objections, thereby requiring the City to plead immunity from suit in new matter. We cannot assume that the appellant would not have raised the ordinance in question in a responsive pleading filed to the new matter. Under the circumstances, it would be utter sophistry to invoke a concept of waiver against appellant.

ORDER

Now, February 26, 1986, the order of the Court of Common Pleas of Philadelphia County, dated April 23, 1984 and filed May 1, 1984, at January Term, 1984 No. 3995, is reversed, and that matter is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.