524 A.2d 1089

Stanley Kasavage, a Minor by his Parent and Natural Guardian, Agnes Kasavage, Individually and in her own right, Appellants *v.* City of Philadelphia, Appellee.

Submitted on briefs, February 26, 1987 to Judges MACPHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Susan I. Schulman, Marion, Satzberg & Associates, P.A.,* for appellant.

*Handsel B. Minyard,* City Solicitor, with him, *Armando A. Pandola, Jr.,* Chief Deputy in Charge of

Claims, *Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, *Claudia M. Tesoro,* Chief Assistant City Solicitor, for appellee.

OPINION BY JUDGE MACPHAIL, May 1, 1987:

Appellants Stanley and Agnes Kasavage appeal an order of the Court of Common Pleas of Philadelphia County granting preliminary objections of Appellee City of Philadelphia (City) and dismissing Appellants' action. We affirm.

Appellants instituted an action against the City for injuries sustained by Stanley Kasavage at the City's Cione Playground and Pool. The complaint alleged that on July 6, 1984, Stanley was injured at the pool, suffering a lacerated and fractured nose, by a group of rowdy juveniles the City failed to control. Appellants complain that the City knew or should have known of the dangerous activities at the pool and that it was negligent in failing to supervise the area, in permitting a dangerous condition to develop and in failing to warn pool patrons of the dangerous conditions.

Appellee responded with preliminary objections to the complaint, asserting that it was immune from suit under Section 8541 of the Judicial Code (Code), 42 Pa. C. S. §8541. The trial court granted the preliminary objections in part and Appellants were allowed to file an amended complaint. An amended complaint was filed, to which the City again objected on the grounds of governmental immunity. By order entered December 18, 1985, the City's preliminary objections were granted and Appellants' action dismissed.

Appellants raise two issues on appeal: 1) whether the City should be immune from suit when it had actual, written notice of prior continuing violent and criminal activity at the park; and 2) whether the City improperly raised the defense of governmental immunity by

way of preliminary objections. We note that our scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law in sustaining the City's preliminary objections. *Pennsylvania Department of Environmental Resources Appeal,* 91 Pa. Commonwealth Ct. 381, 497 A.2d 284 (1985).

Initially, we reject Appellants' argument that the City waived its right to assert the defense of governmental immunity because the defense was raised in preliminary objections and not in an answer and new matter, pursuant to Pa. R.C.P. No. 1030. While it is true that the defense of immunity from suit is required to be pleaded in new matter and not preliminary objections, this Court has held that immunity may be raised in preliminary objections where the defense is apparent on the face of the pleading being challenged. *McCreary v. City of Philadelphia,* 95 Pa. Commonwealth Ct. 285, 505 A.2d 385 (1986). Regardless, the proper method of challenging the pleading of such a defense is by filing preliminary objections to the preliminary objections. *Id.* Appellants did not object to the City's method of pleading until the instant appeal.

The general rule of Section 8541 of the Code, 42 Pa. C. S. §8541, is that local agencies (here, the City) are not liable for any damages for injuries caused by any act of the agency or an employee thereof. There are eight exceptions enumerated in Section 8542 of the Code, 42 Pa. C. S. §8542, and Appellants claim that in this instance the City should be liable under the real property exception in Section 8542(b)(3). That section provides:

(b) **Acts which may impose liability.—**
The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) Real property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

Appellants argue that the City's pool was known to have "dangerous conditions" and therefore involves the City's care, custody or control of the premises within the real property exception. We find this argument to be without merit.

The danger alleged to exist at the pool was the presence of "certain undesirable individuals, groups and/or gangs (who) frequented the aforesaid premises and regularly harassed and often terrorized law-abiding citizens. . . ." of which the City knew or should have known. Amended Complaint, paragraph 6. It is obvious to us that this activity did not involve the City's care, custody or control of the pool itself, but the control of the disruptive juveniles, despite Appellants' argument that their claim is *not* one for "negligent supervision."

In *Fizzano v. Borough of Ridley Park*, 94 Pa. Commonwealth Ct. 179, 503 A.2d 57 (1986), a case in which a plaintiff was struck by a hockey puck while ice skating in a public park, we recognized that the "failure to supervise the activities of third parties is not the type of negligence which is covered by the real property exception to governmental immunity." *Id*. at 181, 503 A.2d at 58. *See also Casey v. Geiger*, 346 Pa. Superior Ct. 279, 499 A.2d 606 (1985). The conduct complained of must be directly related to the condition of the premises, *Fizzano*, or an injury must result from some defect in the real estate. *Ludwin v. Port Authority Transit Corp*., 102 Pa. Commonwealth Ct. 36, 517 A.2d 1006 (1986). In the case *sub judice*, Appellants have made no allega-

tions that Stanley's injuries were caused by a condition or defect *of the pool itself.* We, accordingly, refuse to conclude that the real property exception applies to Appellants' suit.

Finally, we believe that in this instance it is of no import that, as Appellants claim, the City knew of the violent and criminal nature of the activities at the pool.[1] This Court has held that liability may be imposed under the real property exception for negligence which makes government-owned property unsafe for the activities for which it may be *reasonably foreseen* to be used. *Vann v. Board of Education of the School District of Philadelphia,* 76 Pa. Commonwealth Ct. 604, 464 A.2d 684 (1983). Following *Vann,* we held in *Merritt v. Board of Education of the School District of Philadelphia,* 99 Pa. Commonwealth Ct. 178, 513 A.2d 504 (1986), that the rape of a student in a ladies room by a trespasser was not a reasonably foreseeable use of school property even though school officials knew of the presence of the trespasser in the neighborhood and had attempted previously to prevent him from entering or loitering around the school. We, likewise, hold that even in light of alleged prior complaints about the rowdy activity at the pool, the violence which caused Stanley's injuries was not a reasonably foreseeable use of the facility.

We, accordingly, affirm the trial court's order granting the City's preliminary objections and dismissing Appellants' complaint.

---

[1] Appellants assert that the City had prior, written notice of the rowdiness at the pool. A letter to the City from a local state senator's office is attached as an appendix to Appellants' brief. We, of course, must disregard the letter since it is not included in or attached to the complaint. In ruling upon preliminary objections, both we and the trial court are limited to a consideration of the allegations in the challenged pleading. *Wells v. Southeastern Pennsylvania Transportation Authority,* 105 Pa. Commonwealth Ct. 115, 523 A.2d 424 (1987).

## ORDER

The order of the Court of Common Pleas of Philadelphia County in the above-captioned proceeding is hereby affirmed.