527 A.2d 1102

James King, Appellant *v.* City of Philadelphia, Appellee.

Argued December 9, 1986, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert M. Lipshutz,* for appellant.

*Claudia M. Tesoro,* Chief Assistant City Solicitor, with her, *Barbara W. Mather,* City Solicitor, and *Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, for appellee.

OPINION BY JUDGE BARRY, June 26, 1987:

This appeal results from an order of the Philadelphia County Court of Common Pleas which sustained the preliminary objections of the appellee herein, City

of Philadelphia, filed with respect to the complaint of the, plaintiff/appellant, James King.

On October 2, 1984, the appellant filed a complaint in the trial court alleging physical injuries stemming from an incident roughly two years before. Appellant alleged specifically that while he, a prisoner, was "in the process of being transported from the Philadelphia Sheriff's cell rooms, plaintiff was handcuffed to a crutch and forced to walk up some steps, causing plaintiff to fall down the steps and injure himself." *Complaint,* Averment No. 4. Appellant further averred that, due to the fall, he "suffered two pinched nerves, neck and head damage, a concussion, and diffused and continuous pain in the right side of his body. . . ." *Id.* No. 5.

With respect to fault, the complaint also avers a variety of intentional and negligent acts on the part of the City. Among these was the allegation that the City had "[i]ntentionally, maliciously, carelessly, recklessly and/or negligently endanger[ed] plaintiff and caus[ed] him harm by handcuffing [him] to the crutch and forcing him to ascend stairs in said condition, in disregard of the clear danger of harm to plaintiff by doing so[.]" *Id.* No. 7(b). Further, appellant alleged mis- or malfeasance on the part of the City by virtue of its

> [f]ailure to maintain proper care, custody and control of real property in the custody of the defendant; to wit, its failure to provide a safe means for a person on crutches to go from one building level to another without stairs in the aforementioned cell room, in violation of 42 Pa. C.S.A. §8542(b)(3).

*Complaint,* Averment No. 7(h). Appellant also averred that, due to all of this conduct, the City violated his civil rights and was thus liable for damages under 42 U.S.C. §1983.

The City in response filed preliminary objections, (Nos. 7 & 12) declaring, among other things, that the

appellant's cause of action did not fall within the exceptions to governmental immunity and that appellant had, therefore, failed to state a cause of action upon which relief could be granted.

The trial court sustained the City's preliminary objections, having concluded (1) that the real estate exception to immunity did not apply; (2) that only the individual Sheriff, and not the City, could be liable for the allegedly intentional and malicious acts averred; and (3) that appellant had "not alleged any conduct of the City that would make it liable under 42 U.S.C. §1983." Appellant then brought the present appeal.

In reviewing an order sustaining a demurrer, this Court accepts the well-pleaded facts in the pleading under attack as true, and recognizes that a complaint should be dismissed for failing to state a cause of action only in clear cases, free of doubt and reservation. *Rousseau v. City of Philadelphia,* 100 Pa. Commonwealth Ct. 173, 176, 514 A.2d 649, 651 (1986). Appellant argues (1) that the trial court erred in concluding that facts were not averred bringing the complaint within the ambit of the real property exception; and (2) that our precedent precluding imputation of intentional or malicious conduct on the part of employees to government units should be overruled.[1] We affirm.

In so ruling we are in agreement with the City that appellant did not, in fact, allege any defect in real property in the possession of the City which may be acknowledged as the cause for appellant's injury. Such an allegation was, of course, necessary for the cause of action to come within the real estate exception to governmental immunity as codified in the Judicial Code.[2] *See*

---

[1] Appellant in his brief and at oral argument abandoned his allegation of error concerning 42 U.S.C. §1983.

[2] 42 Pa. C. S. §§8541-8564. The general grant of immunity provides that

*Fizzano v. Borough of Ridley Park,* 94 Pa. Commonwealth Ct. 179, 182, 503 A.2d 57, 58 (1986) ("The conduct complained of *must* be directly related to the *condition of the property*.") (latter emphasis added).

We are of the view, in this respect, that appellant, in averring the City's "failure to provide a safe means for a person on crutches to go from one building level to another without stairs," did not allege any defective *condition* of real property, but instead only alleged negligent or otherwise unsatisfactory *procedures* in the transportation of prisoners within the involved building. The very presence of stairs no doubt presents a potential hazard to any individual whose ambulatory capabilities have been in some manner restricted, as is the case, rather clearly, with a person handcuffed to a crutch. That reality, however, does not compel the conclusion that stairs are "defective" real property either in common parlance or for purposes of the Judicial Code. The most that can be said, as suggested above, is that the City's *procedure* in transporting appellant may have been poorly conceived, and hence that it may have dis-

---

[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damage on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other persons.
42 Pa. C. S. §8541. The real property exception provides, in pertinent part, as follows:

The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(3) Real property.—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.
42 Pa. C. S. §8542(b)(3).

charged its supervisory duty in a negligent fashion. The trial court thus did not err in sustaining the preliminary objections. *Compare Lewis v. Hatboro-Horsham School District,* 77 Pa. Commonwealth Ct. 287, 465 A.2d 1090 (1983) *(held:* child who was injured by line-drive in baseball game did not receive injury attributable to school district's negligent care, custody and control of its real estate; injury was, instead, attributable to *poor supervision). And compare Fizzano,* 94 Pa. Commonwealth Ct. at 182, 503 A.2d at 58 (1986) *(held:* child who was injured by hockey puck while ice-skating at public lake did not receive injury attributable to municipality's "negligent conduct related to the care, custody and control of real property"; injury was, instead attributable to *"failure to supervise* the activities of third parties") (emphasis added).

Appellant further urges this Court to depart from our precedents precluding the imputation of intentional or malicious conduct on the part of municipal employees to the municipality itself. Such precedent, however, results from the plain reading of the Judicial Code, which contains no exception to immunity which would make governmental units "liable for the willful tortious conduct of its employees." *Acker v. Spangler,* 92 Pa. Commonwealth Ct. 616, 618, 500 A.2d 206, 207 (1985). *See also Gilbert v. School District of Philadelphia,* 98 Pa. Commonwealth Ct. 282, 286, 511 A.2d 258, 260 (1986). We thus decline to repudiate existing case law.

Affirmed.

## ORDER

Now, June 26, 1987, the Order of the Court of Common Pleas of Philadelphia County, Civil Trial Division, August Term, 1984, at No. 957, dated April 3, 1985, is hereby affirmed.