Tyree Lawson, :
              Petitioner :
               :
          v. :
               :
PA. Department of Corrections - :
Secretary George Little, SCI Phoenix's :
Mailroom Supervisor/Inspector Kelly :
Long, Deputy Superintendent of :
Security Shawn Bradley, Security :
Lieutenant J. Wright, Library Assistant :
David Medina, Kitchen Stewardress :
E. Davis, PA Department of Corrections :
Policy DC ADM 803, and Attorney :
General of Pennsylvania Josh Shapiro, : No. 486 M.D. 2021
              Respondents : Submitted: February 17, 2023


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE ELLEN CEISLER, Judge
                  HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: June 21, 2023


      Tyree Lawson (Lawson), *pro se*, an inmate at the State Correctional Institution in Collegeville, Pennsylvania (SCI Phoenix), filed an amended petition for review (Petition)[1] in this Court's original jurisdiction. Presently before us for

---

[1] Lawson filed the Petition in response to preliminary objections filed by the Respondents to his original petition.

disposition are Respondents' preliminary objections to the Petition, as well as Lawson's preliminary objections to Respondents' preliminary objections.

We sustain in part and overrule in part Lawson's preliminary objections to the preliminary objections of the Pennsylvania Department of Corrections (DOC), Secretary George Little (Little), SCI Phoenix's Mailroom Supervisor/Inspector Kelly Long (Long), Deputy Superintendent of Security Shawn Bradley (Bradley), Security Lieutenant J. Wright (Wright), Library Assistant David Medina (Medina), Kitchen Stewardess E. Davis (Davis), and DOC Policy DC ADM 803 (Policy 803) (collectively DOC Respondents). We sustain in part and overrule in part the DOC Respondents' preliminary objections to the Petition and dismiss the DOC Respondents from the action.

We sustain in part Lawson's preliminary objections to the preliminary objections of former Attorney General of Pennsylvania Josh Shapiro (Attorney General). We sustain in part the Attorney General's preliminary objections to the Petition and dismiss the Attorney General from the action.

Accordingly, as no Respondent remains a party to the action, we dismiss the Petition in its entirety.

## I. Background

Lawson has styled the Petition as "[i]n the Nature of [a] Complaint seeking Omni-bus [sic] Relief [and] Declaratory, Injunctive and Appellate Review in the Nature of an Appeal." He alleges generally that the conduct of the various Respondents could "bring the Governor's Office Code of Conduct into criminal disrepute." Pet. at 2. He does not explain how this allegation relates to his claims.

2

Lawson pleads facts and claims falling generally into three categories. First, he alleges mishandling of both his incoming and outgoing mail and challenges a mail policy change to Policy 803 implemented by the DOC. Further, he alleges that his phone calls were repeatedly disconnected.[2] Additionally, Lawson alleges that a Deputy Attorney General in a separate federal action acted improperly in his handling of Lawson's deposition in that case and that the transcript of the deposition was fraudulently altered.[3] By his own description, Lawson filed "an onslaught" of grievances as well as several other civil actions, including at least one federal suit. Pet., ¶¶ 12 & 41; *see also* Petr's's Prelim. Objs. to DOC Respondents' Prelim. Objs., New Matter, ¶ 23 (stating that Lawson "has a grievance history well over several hundred"). He avers that the same Deputy Attorney General told him, through his criminal attorney, to stop filing lawsuits or an upcoming criminal hearing would not go well. Lawson alleges generally that Respondents' conduct violated his First Amendment rights, including his right of access to the courts. *See* U.S. CONST. amend. I.[4]

---

[2] Lawson acknowledges that DOC personnel informed him all calls were limited to 15 minutes and that he was told his calls were cut off because they exceeded the time limit. He also acknowledges that he was told some of his calls were cut off because they were three-way calls, which are not permitted. In the Petition, Lawson does not aver facts contradicting what he was told concerning the reasons why his telephone calls were cut off.

[3] In a federal court opinion attached to the Attorney General's preliminary objections, the court reviewed the deposition transcript at issue, as well as the same complaints by Lawson that he advances here concerning that transcript. The federal court concluded that Lawson's complaints were mainly stylistic, relating largely to typographical and grammatical errors, and that Lawson had not offered any evidence that either the court reporter or the prison's deputy superintendent had sought to falsify the contents of the deposition transcript. *Lawson v. Banta*, Civ. Action No. 18-3670, 2020 U.S. Dist. LEXIS 198210, *4-5 (E.D. Pa. Oct. 26, 2020), *aff'd sub nom. Lawson v. Superintendent*, No. 20-3444, 2022 U.S. App. LEXIS 15007 (3d Cir. May 26, 2022).

[4] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

## II. Preliminary Objections

## A. DOC Respondents' Preliminary Objections to the Petition

The DOC Respondents advance several preliminary objections to the Petition. First, the DOC Respondents posit that Lawson is asserting civil rights claims under Title 42, Section 1983 of the United States Code, 42 U.S.C. § 1983 (Section 1983).[5] They argue that a two-year statute of limitations applies to those claims. Because Lawson first filed his original petition on December 28, 2021, the DOC Respondents maintain that all claims related to conduct occurring on or before December 28, 2019 are barred.

Second, the DOC Respondents demur to the Petition as it applies to each of them. Regarding Bradley, Medina, and Davis, the DOC Respondents contend that the Petition fails to plead any personal involvement by any of them in any alleged wrongful conduct. As Section 1983 does not support claims under the doctrine of *respondeat superior*, they are not proper Respondents. Regarding Policy 803, the DOC Respondents observe that a policy is not a person and therefore is not

---

[5] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

subject to a Section 1983 action alleging a constitutional violation. Further, regarding the alleged amendment of that policy by Little, the DOC Respondents assert that Lawson has pleaded no facts or law to explain how the amendment violated his constitutional rights. Regarding Lawson's claim that Wright disconnected Lawson's telephone calls for retaliatory reasons, the DOC Respondents argue that Lawson has failed to plead any connection between any pleaded facts and the legal elements of a retaliation claim. Specifically, he has not adequately pleaded that he was engaged in constitutionally protected conduct, that prison officials took adverse action against him, and that his protected conduct was a substantial or motivating factor for the adverse action. Finally, regarding Long, the DOC Respondents maintain that Lawson has not pleaded any viable constitutional claim arising from Long's alleged mishandling of his mail.

Finally, the DOC Respondents demur to the extent that the Petition seeks relief sounding in mandamus.

Lawson has filed preliminary objections to the DOC Respondents' preliminary objections. Regarding the statute of limitations, Lawson asserts that a statute of limitations defense cannot be raised in preliminary objections, but rather, must be filed as new matter along with the answer to the Petition. Moreover, Lawson maintains he is not asserting a Section 1983 claim, and therefore, the statute of limitations applicable to such a claim is irrelevant.

Lawson also preliminarily objects to the DOC Respondents' preliminary objection asserting that mandamus relief is unavailable. Lawson avers that he is not asserting a mandamus claim, and therefore, any preliminary objection to such a claim is also irrelevant.

**B. Attorney General's Preliminary Objections to the Petition**

The Attorney General also advances several preliminary objections to the Petition. First, regarding the alleged threat by a Deputy Attorney General in a separate case, the Attorney General demurs to this allegation and posits that it is "at best, fantasy." Att'y Gen.'s Prelim. Objs., ¶ 25. The Attorney General asserts that a court considering preliminary objections need not accept irrational or nonsensical averments in a complaint or petition. In addition, the Attorney General contends that Lawson has not pleaded any facts indicating that the alleged threat hindered his exercise of any right.

Next, the Attorney General demurs to Lawson's claim seeking declaratory relief. The Attorney General suggests there is no case or controversy for a declaratory judgment or a mandamus action. The alleged acts of the Deputy Attorney General related to separate litigation. Moreover, a federal court already rejected the same averments that Lawson is advancing here. Further, the Attorney General does not make or enforce DOC mail policies.

In a related preliminary objection, the Attorney General also demurs on the basis that Lawson's claim arising from alleged conduct of the Deputy Attorney General is barred by the doctrine of collateral estoppel. The Attorney General asserts that a federal court in separate litigation considered and rejected Lawson's claims that the Deputy Attorney General falsely certified service of a summary judgment motion and produced a "manipulated misleading" transcript of Lawson's deposition in that litigation and that Lawson cannot relitigate those claims here. *Lawson v. Banta*, Civ. Action No. 18-3670, 2020 U.S. Dist. LEXIS 198210, *1 (E.D. Pa. Oct. 26, 2020), *aff'd sub nom. Lawson v. Superintendent*, No. 20-3444, 2022 U.S. App. LEXIS 15007 (3d Cir. May 26, 2022).

6

Finally, the Attorney General preliminarily objects that this Court lacks personal jurisdiction over him because Lawson did not properly serve the Petition.

Lawson has filed preliminary objections to the Attorney General's preliminary objections. Regarding the Attorney General's demurrer to any claim in mandamus, Lawson avers that he is not seeking relief in mandamus. Regarding the Attorney General's service objection, Lawson contends that the Attorney General relies on the wrong rule of court and that service by certified mail was proper.

Lawson has also filed New Matter with his preliminary objections to the Attorney General's preliminary objections,[6] in which he seeks to disqualify the Deputy Attorney General from litigating in this action, based on "gross abuse of civil process." Pet'r's Prelim. Objs. to Att'y Gen.'s Prelim. Objs., New Matter, ¶ 20.

### III. Discussion

Rule 1028(a) of the Pennsylvania Rules of Civil Procedure,[7] governing preliminary objections, provides:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

---

[6] Lawson also filed New Matter with his preliminary objections to the DOC Respondents' preliminary objections, but he averred no affirmative defenses or new facts therein. *See generally* Pa.R.Civ.P. 1030.

[7] Rule 106 of the Pennsylvania Rules of Appellate Procedure provides that "[u]nless otherwise prescribed by these rules the practice and procedure in matters brought before an appellate court within its original jurisdiction shall be in accordance with the appropriate general rules applicable to practice and procedure in the courts of common pleas, so far as they may be applied." Pa.R.A.P. 106; *see also Johnson v. Wetzel*,(Pa. Cmwlth., No. 497 M.D. 2018, filed June 3, 2019), slip op. at 10, *aff'd in part, vacated in part, and remanded on other grounds*, 238 A.3d 1172 (Pa. 2020) (citing Rule 106 and explaining that the Pennsylvania Rules of Civil Procedure, including Rules 1028 and 1030, "generally apply in matters filed in this Court's original jurisdiction"). *Johnson* is cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

(1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;

. . . .

(2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

(3) insufficient specificity in a pleading;

(4) legal insufficiency of a pleading (demurrer);

Note: The defense of the bar of a statute of frauds or statute of limitations can be asserted only in a responsive pleading as new matter under Rule 1030[(a)].

(5) lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action;

(6) pendency of a prior action or agreement for alternative dispute resolution;

. . . .

(7) failure to exercise or exhaust a statutory remedy; and

(8) full, complete and adequate non-statutory remedy at law.

Pa.R.Civ.P. 1028(a).  This Court has previously explained:

In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom . . . .  The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion.  In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them . . . .

8

> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom . . . . It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted . . . . When ruling on a demurrer, a court must confine its analysis to the [petition for review] . . . .

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (additional citations omitted).

The proper means of challenging a preliminary objection that incorrectly asserts an affirmative defense is by a preliminary objection to the preliminary objection. *Johnson v. Wetzel* (Pa. Cmwlth., No. 497 M.D. 2018, filed June 3, 2019), slip op. at 10, *aff'd in part, vacated in part, and remanded on other grounds*, 238 A.3d 1172 (Pa. 2020) (explaining that "[i]f an affirmative defense is asserted as a preliminary objection, the proper way to object is to file a preliminary objection to the preliminary objection") (citing *McCreary v. City of Phila.*, 505 A.2d 385, 386 (Pa. Cmwlth. 1986)); *Pennock v. Lenzi*, 882 A.2d 1057, 1060 n.1 (Pa. Cmwlth. 2005) (*en banc*) ("not[ing] that preliminary objections are not the proper form in which to raise a defense based upon the statute of limitations, and would, themselves, be subject to preliminary objections") (citing Pa.R.Civ.P. 1028(a) and 1030(a)). Here, Lawson has filed preliminary objections to the DOC Respondents' preliminary objections. Therefore, before reaching the DOC Respondents' preliminary objections, we first address Lawson's preliminary objections to them. *See Globe Disposal Co. v. Dep't of Env't Res.*, 525 A.2d 437, 439 (Pa. Cmwlth. 1987).

9

## A. The DOC Respondents

### 1. Lawson's Preliminary Objections to the DOC Respondents' Preliminary Objections

#### a. Statute of Limitations

Lawson's first preliminary objection challenges the DOC Respondents' assertion of the affirmative defense of the statute of limitations. Lawson contends the DOC Respondents improperly raised this defense as a preliminary objection instead of in new matter as required by the applicable pleading rules.

Rule 1030(a) provides, in pertinent part, that "all affirmative defenses including but not limited to the defense[] of [the] statute of limitations . . . shall be pleaded in a responsive pleading under the heading 'New Matter.'" Pa.R.Civ.P. 1030(a); *see also* Pa.R.Civ.P. 1028(a)(4), Note. Thus, raising a statute of limitations defense by means of a preliminary objection is improper. *Johnson*, slip op. at 8.

Where an improper preliminary objection asserting a statute of limitations defense is challenged by an objection, a court may strike the improper preliminary objection. *Johnson*, slip op. at 10 (citing *McCreary*, 505 A.2d at 386). However, "our Court has recognized that where it is clear on the face of the pleading that an affirmative defense would apply, the defense 'may be raised in preliminary objections when to delay a ruling thereon would serve no purpose,' even where the opposing party has objected." *Johnson*, slip op. at 10 (quoting *Feldman v. Hoffman*, 107 A.3d 821, 830-32, 835 n.14 (Pa. Cmwlth. 2014) (additional citations omitted)).

Here, the DOC Respondents assume that Lawson's claims implicitly arise under Section 1983. The DOC Respondents correctly state that Section 1983 does not contain a statute of limitations provision; rather, a Section 1983 action is subject to the statute of limitations governing analogous claims under state law. *See Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 457 n.9 (3d Cir. 1996)

10

(additional citations omitted). The DOC Respondents also correctly observe that the statute of limitations governing personal injury claims applies to a Section 1983 action. *See id.* In Pennsylvania, that statute of limitations is two years. 42 Pa.C.S. § 5524(2); *see also Urrutia*, 91 F.3d at 457 n.9 (citing 42 Pa.C.S. § 5524(2)).

Lawson does not dispute that the two-year statute of limitations applies to Section 1983 claims in Pennsylvania. Rather, he contends that his claims do not arise under Section 1983. We disagree. As noted above, Section 1983 applies to claims of civil rights violations by state actors acting under color of state law. *See* 42 U.S.C. § 1983. In the Petition, Lawson alleges precisely such civil rights violations. *See, e.g.*, Pet'r's Prelim. Objs. to DOC Respondents' Prelim. Objs., ¶¶ 19 (averring that Wright wrongfully retaliated against Lawson and thereby violated Lawson's First Amendment rights), 22 (averring that Medina retaliated against Lawson and conspired with Davis "while abusing state resources"), & 23 ("New Matter," alleging "official oppression" by all DOC Respondents).

Moreover, to the extent that Lawson's claims may be construed as not arising under Section 1983, they are still based on alleged wrongs sounding in tort. As discussed above, the two-year statute of limitations applies to tort claims in Pennsylvania. Thus, Lawson's claims are subject to the two-year statute of limitations in any event.

For these reasons, we conclude that the bar of the statute of limitations is clear from the face of the Petition and bars all claims based on events occurring prior to December 28, 2019. Therefore, Lawson's preliminary objection to the DOC Respondents' assertion of the statute of limitations is overruled.

11

## b. Mandamus

In his other preliminary objection to the DOC Respondents' preliminary objections, Lawson argues that the DOC Respondents mischaracterize Lawson's Petition as sounding in mandamus relief when it does not. We agree.

As the DOC Respondents correctly observe, a writ of mandamus is an extraordinary remedy, the purpose of which is not to establish legal rights, but to enforce those rights already established beyond question. *Africa v. Horn*, 701 A.2d 273, 275 (Pa. Cmwlth. 1997). Mandamus relief requires a clear legal right in the petitioner, a corresponding duty in the respondent, and a lack of any other appropriate and adequate remedy. *Id.*

The DOC Respondents assert that mandamus claims will not lie against Little, Wright, and Long because Lawson "does not have a clear right to relief warranting mandamus intervention . . . ." DOC Respondents' Br. at 18. That is correct as a general statement. However, our review of the Petition reveals no indication, either express or implied, that Lawson is asserting any claim seeking mandamus relief. We recognize that his demand for declaratory relief mistakenly includes requests for declarations by several Respondents (rather than a declaration by this Court) that they have acted wrongfully. However, we do not believe that the Petition, although unartfully pleaded, can reasonably be read as sounding in mandamus. Therefore, Lawson's preliminary objection to the DOC Respondents' preliminary objection regarding mandamus relief is sustained.

Next, we address the DOC Respondents' preliminary objections to the Petition.

12

## 2. The DOC Respondents' Preliminary Objections to the Petition

### a. Statute of Limitations

We have fully discussed this issue above in disposing of Lawson's preliminary objection to the DOC Respondents' statute of limitations argument. As we explained, it is clear from the face of the Petition that claims arising from events occurring prior to December 28, 2019 are barred. Accordingly, the DOC Respondents' preliminary objection raising the statute of limitations is sustained.

### b. Demurrers

Next, each of the DOC Respondents demurs to the Petition as failing to plead a claim on which relief can be granted. We agree with the DOC Respondents that the Petition fails to set forth a viable claim against any of them.

A Section 1983 claim will lie only against a person who was personally involved in an alleged constitutional violation. *Rivera v. Silbaugh*, 240 A.3d 229, 237 (Pa. Cmwlth. 2020). Thus, liability cannot be premised on a theory of *respondeat superior*. *Hampton v. Holmesburg Prison Offs.*, 546 F.2d 1077, 1082 (3d Cir. 1976).

Here, Bradley, Medina, and Davis correctly assert that the Petition fails to plead any personal involvement by any of them in any alleged wrongful conduct. Lawson alleges that Medina and Davis were involved in issuing him false misconducts, but he fails to point to any statutory or constitutional violation related to his bare averments in that regard. Lawson's allegations against Bradley relate solely to his oversight of a security team, not to any improper conduct by Bradley himself.

13

Regarding Policy 803, the DOC Respondents aptly observe that a policy is not a person subject to suit under Section 1983 for a constitutional violation. A "policy" is "[a] standard course of action that has been officially established by an organization, business, political party, etc. . . ." *Policy*, *Black's Law Dictionary* (11th ed. 2019). A policy is not a person or entity amenable to suit. For example, in *Bergdoll v. City of York*, No. 1:08-CV-01879, 2008 U.S. Dist. LEXIS 105616, *8 (M.D. Pa. Jan. 5, 2008), the plaintiff brought a claim pursuant to Section 1983 and alleged that the individual defendants developed policies of deliberate indifference to constitutional rights and inadequate investigation of citizen complaints of police misconduct. The plaintiff properly sued the persons, not the alleged policies under which such persons acted. Likewise, here, Lawson cannot sue an administrative policy.

Accordingly, we agree with the DOC Respondents that Medina, Bradley, Davis, and Policy 803 should be dismissed from the Petition. The preliminary objection demurring on behalf of Medina, Bradley, Davis, and Policy 803 is sustained.

Further, regarding Little's alleged amendment of Policy 803, the DOC Respondents maintain that Lawson has pleaded no facts or law to explain how the amendment violated his constitutional rights. Again, we agree. Lawson fails to point to any amended provision that amounts to a constitutional violation. Accordingly, the DOC Respondents' demurrer on Little's behalf is also sustained.

Next, regarding Lawson's claim that Wright disconnected Lawson's telephone calls for retaliatory reasons, the DOC Respondents argue that Lawson has failed to plead any connection between any pleaded facts and the legal elements of a retaliation claim. We agree.

14

To sustain a retaliation claim, an inmate must plead and prove that he engaged in constitutionally protected conduct, that prison officials took adverse action against him, and that his protected conduct was a substantial or motivating factor for the adverse action. *Yount v. Pa. Dep't of Corr.*, 966 A.2d 1115, 1120 (Pa. 2009). Here, Lawson has failed to satisfy the first prong of a retaliation claim, in that he has failed to aver that he was engaged in a protected activity. As this Court has explained,

> an inmate has no right to unlimited telephone use . . . . Instead, a prisoner's right to telephone access is subject to rational limitations in the face of legitimate security interests of the penal institution . . . . The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions . . . .

*Feigley v. Pa. Pub. Util. Comm'n*, 794 A.2d 428, 432 (Pa. Cmwlth. 2002) (internal quotation marks and citations omitted). Lawson has not averred that DOC personnel were incorrect in informing him that on those occasions when his telephone calls were cut off, it was either because the calls exceeded the 15-minute limit or because they were impermissible three-way calls.[8] Further, Lawson has not alleged that either the time limit or the prohibition on three-way calls was irrational or unreasonable. Accordingly, because Lawson has failed to plead a viable claim against Wright, the DOC Respondents' preliminary objection on Wright's behalf is sustained.

Finally, the DOC Respondents maintain that Lawson has not pleaded any viable claim against Long arising from the alleged mishandling of Lawson's

---

[8] This explanation is included in Lawson's exhibits to the Petition. *See* Pet., Exs. N1, N2, Q1 & Q3.

15

mail. We agree that each of the averments against Long fails to state a claim. Lawson's retaliation claim regarding an allegedly defaced certificate of mailing pleads neither constitutionally protected conduct by Lawson nor facts directly connecting Long's alleged acts to any protected conduct. Likewise, the assertion that Long rejected Lawson's incoming mail on May 5, 2020 and June 5, 2020, does not identify an associated constitutional violation. Lawson also has not pleaded facts to suggest that Long's alleged opening of Lawson's legal mail outside his presence on August 7, 2020 could rise to the level of a First Amendment constitutional violation. A single, inadvertent opening of properly marked legal mail outside an inmate's presence does not infringe an inmate's First Amendment rights absent a showing of actual injury. *Jones v. Doe*, 126 A.3d 406, 409 (Pa. Cmwlth. 2015). Lawson avers neither that the alleged opening of his legal mail was other than inadvertent nor that he suffered any actual injury as a result. Similarly, Long's alleged withholding of Lawson's incoming legal mail from a federal court from September 31, 2020 to October 16, 2020 does not support a claim for violation of First Amendment rights, as Lawson does not identify any resulting harm from receiving his mail two weeks late. Therefore, we sustain the DOC Respondents' preliminary objection demurring to Lawson's claim against Long.

In summary, the DOC Respondents have successfully demurred on the basis that Lawson has not pleaded a viable claim against any of them. Accordingly, as we are sustaining the demurrers, we dismiss all of the DOC Respondents as parties to this action.

## B. The Attorney General

### 1. Lawson's Preliminary Objections to Attorney General's Preliminary Objections

#### a. Mandamus

Lawson has filed preliminary objections to the Attorney General's preliminary objections. Regarding the Attorney General's demurrer to any claim in mandamus, Lawson avers that he is not seeking relief in mandamus. As explained above, we agree that the Petition does not sound in mandamus. Although it is not clear that the Attorney General is challenging the Petition as advancing a mandamus claim, there is a passing reference to mandamus in the Attorney General's preliminary objections. Accordingly, we sustain Lawson's preliminary objection to the extent the Attorney General may be asserting any such challenge.

#### b. Service of the Petition

Regarding the Attorney General's service objection, Lawson contends that the Attorney General relies on the wrong rule of court and that service by certified mail was proper.[9] Lawson also appears to assert that the Attorney General received relevant filings regardless of whether service was proper. *See* Pet'r's Prelim. Objs. to Att'y Gen.'s Prelim. Objs., ¶¶ 13-14. Further, Lawson maintains there was no harm from any alleged service defect, as the Attorney General clearly learned of and responded to the Petition in any event. As discussed further below, we do not reach this objection because we are sustaining the Attorney General's demurrers and dismissing him from the action on that basis.

---

[9] However, Lawson acknowledges that his mailing to the Attorney General was misaddressed and was therefore returned to him undelivered. Pet'r's Prelim. Objs. to Att'y Gen.'s Prelim. Objs., ¶ 11. He does not explain whether it was remailed.

### c. New Matter to Lawson's Preliminary Objections

Lawson has also filed New Matter with his preliminary objections, in which he seeks to disqualify the Deputy Attorney General from litigating in this action, based on "gross abuse of civil process." Pet'r's Prelim. Objs. to Att'y Gen.'s Prelim. Objs., New Matter, ¶ 20. As discussed below, we are dismissing the Attorney General from this action. Accordingly, Lawson's request to disqualify the Attorney General's counsel is moot. We therefore dismiss Lawson's New Matter.

### 2. The Attorney General's Preliminary Objections to the Petition
### a. Deputy Attorney General's Alleged Threat

Regarding the alleged threat by a Deputy Attorney General in a separate case, the Attorney General demurs to this allegation, asserts that a court considering preliminary objections need not accept irrational or nonsensical averments in a complaint or petition, and posits that Lawson's allegation is "at best, fantasy." Att'y Gen.'s Prelim. Objs., ¶ 25. In addition, the Attorney General contends that Lawson has not pleaded any facts indicating that the alleged threat hindered his exercise of any right. Our review of the Petition reveals no allegations of fact suggesting that the alleged threat impinged Lawson's exercise of any right, either in the case in which the threat was purportedly conveyed or in this case or any of Lawson's related grievances. Accordingly, we sustain the Attorney General's demurrer in that regard.

### b. Other Demurrers

Next, the Attorney General demurs to Lawson's claim seeking declaratory relief. The Attorney General suggests there is no case or controversy for

a declaratory judgment or a mandamus action and that Lawson's claim is barred by the doctrine of collateral estoppel, in that the alleged acts of the Deputy Attorney General related to Lawson's deposition in separate federal litigation and could have been, and were, addressed in that action. The Attorney General asserts that the federal court has already considered and rejected Lawson's claims that a Deputy Attorney General falsely certified service of a summary judgment motion and produced a "manipulated misleading" transcript of Lawson's deposition in that litigation. *Banta*, 2020 U.S. Dist. LEXIS 198210 at *1. These are the same averments that Lawson is advancing here, and the Attorney General maintains that Lawson cannot relitigate those claims.[10]

As a general rule, collateral estoppel is an affirmative defense that must be raised in new matter rather than by preliminary objection, unless the circumstances necessary to sustain the defense appear on the face of the petition. *Bell v. Twp. of Spring Brook*, 30 A.3d 554, 558 (Pa. Cmwlth. 2011) (additional citations omitted). However, as discussed above, the proper method of challenging an improper preliminary objection is by filing a preliminary objection to the improper preliminary objection. *Johnson*, slip op. at 10 (additional citations omitted). Here, Lawson's preliminary objections to the Attorney General's preliminary objections did not challenge the Attorney General's pleading of the defense of collateral estoppel. Accordingly, any objection to the assertion of collateral estoppel by preliminary objection has been waived, and we will consider the applicability of that defense. *See Commonwealth ex rel. Corbett v. Desiderio*, 698 A.2d 134, 138 (Pa. Cmwlth. 1997) (explaining that failure to file preliminary

---

[10] The Attorney General also avers that his office does not make or enforce DOC mail policies. We need not reach this assertion in light of our dismissal of the Attorney General from the action on other grounds.

19

objections to the assertion of collateral estoppel in preliminary objections "waived the procedural defect").

Collateral estoppel is a legal doctrine the precludes the relitigation of issues of law or fact in a subsequent action. *Bell*, 30 A.3d at 558.

> Collateral estoppel applies if: (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to actually litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

*Id.* Moreover, "collateral estoppel applies not only to matters decided, but also to matters that could have, or should have, been raised and decided in an earlier action." *Id.* The purposes of applying collateral estoppel are "to prevent a multiplicity of suits and to serve the public's interests by keeping the courts clear of disputes, questions of law or issues of fact that have already been litigated, and to protect citizens from the burden of relitigating an issue with the same party." *Id.* at 559 (additional citation omitted).

Here, all five factors for collateral estoppel have been met. First, the federal court in *Banta* decided adversely to Lawson the identical issues regarding Lawson's deposition transcript and service upon him of a summary judgment motion in that action. The federal court concluded that Lawson's averments concerning his deposition transcript "did not create a material issue of fact" and that "even [taking] at face value [] Lawson's contention that he was not served with the motion for summary judgment, . . . the motion would still have been granted." 2020 U.S. Dist. LEXIS 198210 at *5-6. Second, there was a final judgment on the merits. *Banta*

was a decision rejecting Lawson's request for extraordinary relief following the entry of summary judgment against him. *See generally id.* The district court's decision was affirmed by the Third Circuit on appeal, as cited above. Third, Lawson, the party against whom the Attorney General is asserting collateral estoppel here, was the same party who litigated the same issues in the federal case. Fourth, the federal court's opinion in *Banta* demonstrates that Lawson had a full and fair opportunity to actually litigate the issues in that case, including the court's detailed consideration of his post-judgment request for extraordinary relief. *Id.* Fifth, and finally, the determinations in the federal proceeding were essential to the court's entry of summary judgment as, again, is demonstrated by the court's careful consideration of the issues in disposing of Lawson's post-judgment motion for extraordinary relief. *Id.* We therefore agree with the Attorney General that Lawson's claim raising issues regarding his deposition transcript and service of a summary judgment motion in *Banta* are barred in this action. We sustain the Attorney General's preliminary objection asserting the defense of collateral estoppel.

### c. Improper Service – Lack of Personal Jurisdiction

Finally, the Attorney General preliminarily objects that this Court lacks personal jurisdiction over him because Lawson did not properly serve the Petition. As indicated above, we do not find it necessary to reach this preliminary objection because we are dismissing the Attorney General from this action on the basis of his demurrers to the Petition.

21

## IV. Conclusion

Regarding the DOC Respondents' preliminary objections, we overrule Lawson's preliminary objection to the DOC Respondents' preliminary objection based on the statute of limitations. We sustain Lawson's preliminary objection to the DOC Respondents' preliminary objection challenging Lawson's purported claim sounding in mandamus. We sustain the DOC Respondents' preliminary objection based on the statute of limitations. We overrule the DOC Respondents' preliminary objection based on Lawson's claim purportedly sounding in mandamus. We sustain the DOC Respondents' demurrers to the Petition and dismiss the DOC Respondents from the action.

Regarding the Attorney General's preliminary objections, we sustain Lawson's preliminary objection to the extent that the Attorney General's preliminary objections suggest that Lawson is seeking mandamus relief. We do not reach Lawson's preliminary objection to the Attorney General's preliminary objection asserting improper service of the Petition. We sustain the Attorney General's demurrers to the Petition, except that we do not reach the Attorney General's averment that his office does not make or enforce DOC policies. We dismiss the Attorney General from the action.

Because we dismiss the Attorney General from the action, we dismiss, as moot, Lawson's New Matter to his preliminary objections, in which he seeks disqualification of the Deputy Attorney General serving as the Attorney General's counsel in this matter.

As no Respondent remains as a party, we dismiss the action in its entirety.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyree Lawson,      :
          Petitioner      :
     :
       v.      :
     :
PA. Department of Corrections -      :
Secretary George Little, SCI Phoenix's    :
Mailroom Supervisor/Inspector Kelly    :
Long, Deputy Superintendent of      :
Security Shawn Bradley, Security      :
Lieutenant J. Wright, Library Assistant    :
David Medina, Kitchen Stewardress      :
E. Davis, PA Department of Corrections   :
Policy DC ADM 803, and Attorney      :
General of Pennsylvania Josh Shapiro,    :    No. 486 M.D. 2021
          Respondents      :

# O R D E R

AND NOW, this 21st day of June, 2023, upon consideration of the preliminary objections of the Respondents and the preliminary objections and "New Matter" of Petitioner, Tyree Lawson (Lawson), to Respondents' preliminary objections to Lawson's amended petition for relief (Petition), it is ORDERED as follows:

1. Lawson's preliminary objection to the preliminary objections of Respondents the Pennsylvania Department of Corrections (DOC), Secretary George Little, SCI Phoenix's Mailroom Supervisor/Inspector Kelly Long, Deputy Superintendent of Security Shawn Bradley, Security Lieutenant J. Wright, Library Assistant David Medina, Kitchen Stewardress E. Davis, and DOC Policy DC ADM 803 (collectively, DOC Respondents), based on the statute of limitations is OVERRULED.

2.	Lawson's preliminary objection to the DOC Respondents' preliminary objection challenging Lawson's purported claim sounding in mandamus is SUSTAINED.

3.	The DOC Respondents' preliminary objection based on the statute of limitations is SUSTAINED.

4.	The DOC Respondents' preliminary objection based on Lawson's claim purportedly sounding in mandamus is OVERRULED.

5.	The DOC Respondents' demurrers to the Petition are SUSTAINED and the DOC Respondents are DISMISSED from the action.

6.	Lawson's preliminary objection to the preliminary objections of Attorney General of Pennsylvania Josh Shapiro (Attorney General) is SUSTAINED to the extent that the Attorney General's preliminary objections suggest that Lawson is seeking mandamus relief.

7.	The Attorney General's demurrers to the Petition are SUSTAINED, except as to the assertion that the Attorney General does not make or enforce DOC policies, which we do not reach; and the Attorney General is DISMISSED from the action.

8.	Lawson's New Matter to his preliminary objections, in which he seeks disqualification of the Deputy Attorney General serving as the Attorney General's counsel in this matter, is DISMISSED as moot.

9.	As no Respondent remains as a party, this action is DISMISSED.


_____
CHRISTINE FIZZANO CANNON, Judge